■ RITA YUNGER, Respondent-Appellant, v JOSEF YUNGER, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant husband appeals (a) as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered April 14, 1986, as, after a nonjury trial, upon assigning a value of $350,000 to the husband's business, granted the wife a distributive award of $105,000, representing 30% of its value; granted either party an option to purchase the marital home and directed that upon purchasing the home, the purchaser would receive a credit of $101,000; directed that a drawing by chance be held to determine who would purchase the marital home in the event that both parties exercised the option to purchase the marital home and could not agree between themselves as to who would purchase the home; awarded the wife maintenance of $20,000 per year for a period of 12 years; and required the husband to pay the wife counsel fees and expert's fees; (b) as limited by his notice of appeal and brief, from stated portions of a resettled judgment of the same court, dated September 17, 1986, which, *inter alia,* reiterated the aforenoted provisions of the judgment, ordered that if neither party wished to purchase the marital home, a receiver would be appointed by the court to sell it, required the husband to pay additional counsel fees for the plaintiff wife bringing a cross motion, *inter alia,* for enforcement of the judgment, directed the husband to allow the wife access to the marital residence for the purpose of obtaining possession of personalty awarded to her and provided for the appointment of a Referee at the expense of the husband if he failed to do so, ordered the husband to pay arrears in maintenance, authorized the entry of a money judgment against the husband, and ordered that the husband comply with prior court orders concerning the wife's visitation privileges; (c) as limited by his brief, from so much of an order of the same court, dated September 19, 1986, as extended the time allotted to the parties to decide whether to purchase the marital residence, appointed a receiver to effect a sale of the residence in the

event that the parties could not decide between themselves as to which party was to purchase the marital home, and provided how the sale was to be conducted; and (d) from an order of the same court, dated October 16, 1986, which appointed a receiver to hold a drawing to determine which party shall have the opportunity to purchase the marital home; and (2) the plaintiff wife cross-appeals, as limited by her notices of cross appeal and brief, from so much of the judgment and the resettled judgment as upon assigning a value of only $350,000 to the husband's business, granted her a distributive award of only $105,000, and awarded her maintenance for a period of only 12 years.

Ordered that the cross appeals are dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is modified, on the law, the facts, and in the exercise of discretion, by (1) deleting the fourth decretal paragraph thereof, and substituting therefor a provision awarding title to the marital residence to the husband upon his payment of the sum of $101,000 to the wife, and his satisfaction of the mortgage on the property, and (2) deleting the fifth, sixth, seventh, ninth, eleventh, fourteenth, fifteenth and seventeenth decretal paragraphs thereof; as so modified, the resettled judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 19, 1986 is vacated insofar as it is appealed from; and it is further,

Ordered that the order dated October 16, 1986 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings concerning the value of the husband's business and the wife's distributive share thereof, and for a new determination on those issues based upon proper findings of fact, the entry of a separate order awarding the plaintiff $2,199.92 for arrears of maintenance and authorizing the entry of a money judgment for $43,136.42 representing counsel fees, statutory costs and disbursements, accountant's fees, real estate appraisal fees, and arrears in maintenance, together with $10 costs and disbursements in the Supreme Court, Nassau County, and awarding the plaintiff $3,000 in counsel fees for the bringing of her cross motion,

*inter alia,* for the enforcement of the judgment; and it is further,

Ordered that the appeals from the orders dated September 19, 1986 and October 16, 1986, respectively, are dismissed, without costs or disbursements, in light of our determination on the appeal from the resettled judgment.

The wife failed to perfect her cross appeals in compliance with the provisions of 22 NYCRR 670.20 (d) and (f). A party may not perfect a cross appeal by using the record furnished by the appellant, absent the consent of the appellant *(see, Kapchan v Kapchan,* 104 AD2d 358, 359). Therefore, the cross appeals must be dismissed.

In arriving at a valuation of a marital asset, a trial court must state the valuation date it selects and the reasons therefor *(see, Wegman v Wegman,* 123 AD2d 220, 234-235, *mot to amend remittitur granted* 123 AD2d 238). It should also set forth the method by which it arrived at that value *(see,* Domestic Relations Law § 236 [B] [5] [g]; *Bofford v Bofford,* 117 AD2d 643, *appeal dismissed* 68 NY2d 808). In assigning a value of $350,000 to the husband's business in this case, the trial court did neither, and the reasons for its determination do not appear on the face of the record *(cf., Gainer v Gainer,* 100 AD2d 533, 534). There is insufficient information in the record which would enable a court to arrive at an appropriate valuation. We, therefore, remit this matter to the court of first instance for further proceedings and for a new determination based upon proper findings of fact.

Should the trial court determine that the capitalization of earnings method is a proper one for fixing the value of the husband's business, the court shall take such testimony as is necessary to support valuation by that method. This may include evidence of the nature of the husband's business, the risks involved in its operation and the stability or irregularities of its earnings *(see,* Rev Rul 59-60, 1959-1 CB 237, at 238-239). Further, the use of a weighted average of earnings over several years should be considered in the capitalization of the earnings of the husband's business *(see, Beckerman v Beckerman,* 126 AD2d 591). However, those methods of valuation are not meant to be exclusive or exhaustive. In any event, in making any distributive award to the wife, the trial court should set forth the reasons for arriving at its result *(see,* Domestic Relations Law § 236 [B] [5] [g]).

As the husband exercised his option to purchase the marital residence from the wife within the period originally prescribed

by the trial court, and the wife correspondingly declined to exercise her option within that period, the husband should be awarded the marital residence upon payment of the sum of $101,000 to the wife and his satisfaction of the mortgage on the property. In light of our resolution of the issue of the title to the marital residence in the resettled judgment, the order dated September 19, 1986, insofar as it is appealed from, and the order dated October 16, 1986, which concerned the sale by agreement or disposition by lottery of the marital home, must be vacated as inconsistent with the provisions of the resettled judgment.

The trial court's resettlement of the divorce judgment in favor of the wife was improper. Resettlement is limited to correcting a technical or clerical error or to conform the judgment with the original decision of the court (see, Geller v Board of Elections, 112 AD2d 1054, 1056, affd 65 NY2d 956; Breslow v Solomon, 105 AD2d 824). It should be noted that that branch of the wife's cross motion which was for resettlement of the judgment cannot be considered an application to vacate the judgment pursuant to CPLR 4404 (b) as the 15-day time period for such an application had already run at the time it was made (see, CPLR 4405). Further, the court of first instance, in effect, improperly used resettlement as a means to enforce the provisions of the original judgment. Therefore, those provisions of the resettled judgment which have been appealed from and which fail to conform the original judgment to the decision of the trial court, dated March 5, 1986, must be removed from the resettled judgment. However, upon remittitur, a separate order should be entered awarding the wife arrears in maintenance, authorizing the entry of a money judgment in the amount of $43,136.42, representing counsel fees, statutory costs and disbursements, accountant's fees, real estate appraisal fees, and arrears in maintenance, together with $10 costs and disbursements in the Supreme Court, Nassau County, and awarding the wife $3,000 in counsel fees for the bringing of her cross motion, inter alia, for enforcement of the judgment. Further, the parties may take whatever additional legal measures are necessary to enforce the provisions of the resettled judgment, as modified by this court.

Because the wife did not properly perfect her cross appeals, we may not consider her claims concerning the 12-year limitation on the duration of maintenance. With respect to the husband's claim that the duration of maintenance is too long, in light of the wife's emotional and mental disabilities, we will not disturb the award.

The record in this case indicates that the wife, in contravention of the resettled judgment of divorce, and the Domestic Relations Law, has refused to cooperate in obtaining a "Get", a religious Jewish divorce. We remind the wife that she must take the steps necessary to remove all barriers to the husband's remarriage in his faith.

We find the award of counsel and expert's fees to the wife for prosecuting this action to be appropriate. The husband's remaining contentions are without merit. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.