■ JOSEPHINE M. REINA, Appellant, v THOMAS T. REINA, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.) ordering, inter alia, equitable distribution of the parties' marital property, entered April 1, 1988 in Ulster County, upon a decision of the court, without a jury.

Plaintiff and defendant were married in November 1969 and separated in August 1981. The marriage produced one child born May 9, 1970. This divorce action was commenced in December 1983 and proceeded to trial in May 1987 before a Judicial Hearing Officer in Supreme Court. Supreme Court distributed the marital property by awarding plaintiff title to the marital residence and a distributive award of $106,800

and awarding defendant the balance of the property. Plaintiff appeals, challenging Supreme Court's consideration of the Domestic Relations Law § 236 (B) (5) (d) factors, the court's acceptance of certain valuation testimony, the classification and distribution of business assets, Rug Den Limited (hereinafter RDL) and Reina Distributing, Inc. (hereinafter Reina Distributing), and the duration of the maintenance award.

Initially, we reject plaintiff's contention that Supreme Court failed to consider the equitable distribution factors. The court is not required by Domestic Relations Law § 236 (B) (5) (g) to analyze each of the factors stated in Domestic Relations Law § 236 (B) (5) (d). It is sufficient if it sets forth the factors which it did, in fact, consider and states the reasons for its decision (*O'Brien v O'Brien,* 66 NY2d 576, 589; *Cappiello v Cappiello,* 66 NY2d 107, 110). Our review of the record clearly indicates that although the statutory factors were not carefully enumerated, all but one of the factors were considered. Furthermore, even though the reasons for the decision were imprecisely stated, they were amply articulated. Thus, the decision conforms with the mandate of the statute and the record provides an adequate basis for intelligent appellate review (*cf., Woertler v Woertler,* 110 AD2d 947, 949).

Next, plaintiff contends that there is no basis for Supreme Court's determinations as to value. We disagree. Plaintiff's expert valued the marital property as of 1983[1] and 1987. Defendant's expert valued the property as of 1984. The court accepted defendant's valuation of the real property and plaintiff's 1984 appraisal of RDL.[2] The absence of an express reference to the valuation date selected (*see, Yunger v Yunger,* 133 AD2d 451, 453) is not fatal here since defendant's expert valued the marital property only as of 1984 and the valuation date utilized by Supreme Court is, thus, obvious from the record. Moreover, because it would not be patently inequitable, the valuation of marital property was properly established at the commencement of the action (*see, Lord v Lord,* 124 AD2d 930, 932). In our view, the determinations as to value were within the range of the expert testimony, adequately supported by the record and explained by the court (*see, Matter of City of New York [Reiss],* 55 NY2d 885, 886) and within the trial court's broad discretion (*see, Oneonta Center*

1. RDL was valued as of 1984 and 1987, the 1984 value being $94,875.

2. Supreme Court misstated the value as $84,875. The value of RDL should be increased by $10,000 and plaintiff's distributive award increased accordingly.

*Assocs. v State of New York,* 54 AD2d 993, *lv denied* 41 NY2d 801; *Rozen v State of New York,* 52 AD2d 697).

We next turn to plaintiff's contention that Supreme Court erred in its classification of RDL and Reina Distributing. Although not a model of clarity, our reading of the court's decision indicates that it classified both corporate entities as marital property and made an over-all determination and valuation of marital property as follows:

I.   Real Estate
    A. Bright Acres        $ 28,500
    B. West Chester Street    27,600
    C. Reina Distributing    140,000
II.  Business
    A. RDL               $ 84,875
    B. Restored automobiles   12,000

The court then proceeded to equitably distribute the marital property by awarding plaintiff 50% of the value of the real estate, 40% of the value of RDL and 20% of the value of the restored automobiles. This distribution was effected by awarding plaintiff title to the West Chester Street property and a distributive award of $106,800 and "setting aside" the balance to defendant as "separate property". Because neither the awarding of different percentages for different categories of marital property *(see, Rosenberg v Rosenberg,* 126 AD2d 537, 539, *lv denied* 70 NY2d 601), nor the making of a distributive award in order to facilitate the division of property (see, Domestic Relations Law § 236 [B] [5] [e]; *Majauskas v Majauskas,* 61 NY2d 481, 489; *Petrie v Petrie,* 124 AD2d 449, 450, *lv dismissed* 69 NY2d 1038) constitutes an abuse of discretion under the circumstances of this case, we reject plaintiff's assertion of error.

Finally, we have considered plaintiff's arguments concerning her maintenance award and find that the duration of the award is adequate and the factors relied on in arriving at the award are sufficiently stated in the record. In our view, the purpose of maintenance, to allow the supported spouse to meet his reasonable needs and give him both the opportunity and incentive to become self-supporting *(see, Parris v Parris,* 136 AD2d 685), can be achieved here, especially in view of the distributive award *(see, Brennan v Brennan,* 103 AD2d 48, 50-51). We conclude that Supreme Court has not abused its broad discretion *(see, Pacifico v Pacifico,* 101 AD2d 709).

Judgment modified, on the law and the facts, without costs, by increasing plaintiff's distributive award to $110,800, and, as

so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.