■ I. JANET TORGERSEN, Appellant, v DONALD TORGERSEN, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Supreme Court granted plaintiff a divorce on the ground of cruel and inhuman treatment, made a distribution of the marital assets, granted custody of the parties' infant son to plaintiff and ordered defendant to pay maintenance, child support and plaintiff's attorney's fees in the amount of $8,000. We affirm.

There is no merit to plaintiff's contention that the distribution of marital assets was inequitable. Supreme Court has great flexibility in fashioning an equitable distribution of marital assets *(see,* Domestic Relations Law § 236 [B]; *O'Brien*

*v O'Brien,* 66 NY2d 576, 588; *Michalek v Michalek,* 114 AD2d 655, 656, *lv denied* 69 NY2d 602; *Rodgers v Rodgers,* 98 AD2d 386, 391). The court's distribution was approximately equal, with plaintiff also receiving a present cash payment. In making that distribution, the court properly reflected the individual needs and circumstances of the parties *(see, Urtis v Urtis,* 181 AD2d 1001, 1004; *Coffey v Coffey,* 119 AD2d 620, 622; *see also, Reina v Reina,* 153 AD2d 775, 777). Plaintiff's emphasis upon certain elements of the distribution as being unfair does not take into consideration that a marital distribution award should be examined in its entirety rather than analyzed item by item *(see, Arvantides v Arvantides,* 64 NY2d 1033, 1034; *Urtis v Urtis, supra,* at 1003-1004; *Reina v Reina, supra; Coffey v Coffey, supra).*

Equally unavailing is plaintiff's contention that the court's order of maintenance was inadequate. Questions of maintenance are addressed to the sound discretion of the trial court *(see,* Domestic Relations Law § 236 [B] [6]; *Majauskas v Majauskas,* 61 NY2d 481, 494; *Pacifico v Pacifico,* 101 AD2d 709, 710). The court's award of maintenance reflects an appropriate balancing of plaintiff's needs and defendant's ability to pay.

In making its award of child support, the court should have made the preliminary calculation of basic child support *(see,* Domestic Relations Law § 240 [1-b] [a], [c]). We need not remit, however, as the record adequately sets forth the financial information necessary for us to determine whether Supreme Court's provision for child support comported with the Child Support Standards Act. We note that in 1990 the parties' gross income, earned entirely by defendant, was $236,126 *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [i]). To arrive at the combined parental income, Federal Insurance Contributions Act taxes paid of $3,924 and maintenance of $34,500 must first be subtracted from the gross income, leaving a balance of $197,702 *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii]). Because the support at issue is for one child, the applicable percentage is 17% *(see,* Domestic Relations Law § 240 [1-b] [b] [3] [i]). Seventeen percent of the first $80,000 is $13,600 per year, and 17% of the combined parental income is $33,609 *(see,* Domestic Relations Law § 240 [1-b] [c] [2], [3]). Until the marital residence is sold, defendant is obligated to pay $750 per month in direct child support plus the expenses for the marital residence, which total at least $90,000 per year. If the expenses of the marital residence are considered as a part of the child support obligation *(see, Lenigan v Lenigan,* 159 AD2d 108, 112), respondent's yearly obligation, at least $99,000,

exceeds that mandated by the statute. Once the marital residence is sold, and assuming a steady level of income, the combined parental income will range from $180,202 to $164,202. Child support based upon those figures would range from $30,634 to $27,914. The court directed defendant to pay child support of $14,000 per year, approximately 17% of the usual statutory cap of $80,000, increasing to $18,000 in the child's eighteenth year and to contribute his one-half interest in a retirement fund, $8,124, to a college fund for the child.

The court's failure to calculate the basic child support obligation based upon the combined parental income does not render the court's support order unjust or inappropriate. The court determined that it would be more appropriate to fix defendant's child support obligation in accordance with the discretion given to the court by the statute, and it set forth the factors that it considered in arriving at that conclusion *(see,* Domestic Relations Law § 240 [1-b] [f] [1], [3], [4], [5], [7], [10]; [g]). The record fully supports the court's determination, and its decision demonstrates a reasoned elaboration of the relevant factors as required by the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b] [g]; *Krantz v Krantz,* 175 AD2d 863, 864-865; *Lenigan v Lenigan, supra,* at 112). Moreover, the child support ordered by the court was sufficient to meet the needs of the child.

The trial court did not abuse its discretion in ordering defendant to pay $8,000 as plaintiff's counsel fees, approximately one half of the amount requested. Under the circumstances of this case, and in light of the parties' financial situations, the award made was fair and equitable *(see,* Domestic Relations Law § 237 [a]; *see also, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *O'Brien v O'Brien, supra,* at 590; *Sitarek v Sitarek,* 179 AD2d 1064, 1065; *Rados v Rados,* 133 AD2d 536).

We have considered plaintiff's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Divorce.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.