■ BARBARA E. MARKEL, Respondent-Appellant, v SHELDON M. MARKEL, Appellant-Respondent. [602 NYS2d 477] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: There is no merit to defendant's contention that the distribution of marital assets was inequitable. "Supreme Court has great flexibility in fashioning an equitable distribution of marital assets *(see,* Domestic Relations Law § 236 [B]; *O'Brien v O'Brien,* 66 NY2d 576, 588; *Michalek v Michalek,* 114 AD2d 655, 656, *lv denied* 69 NY2d 602; *Rodgers v Rodgers,* 98 AD2d 386, 391)" *(Torgersen v Torgersen,* 188 AD2d 1023, 1023-1024, *lv denied* 81 NY2d 709). The court's distribution appropriately reflected the individual needs and circumstances of the parties and, in reaching its determination, the court properly considered the relevant statutory factors *(see,* Domestic Relations Law § 236 [B] [5] [d] [1]-[8]; [g]; *Urtis v Urtis,* 181 AD2d 1001, 1004; *Coffey v Coffey,* 119 AD2d 620, 622; *see also, Reina v Reina,* 153 AD2d 775, 777).

The court further properly concluded that defendant's stock was marital property, having been received for representing a client during the term of the marriage *(see,* Domestic Relations Law § 236 [B] [1] [c]). The court did not abuse its discretion in valuing the stock as of the date of the commencement of the action *(see,* Domestic Relations Law § 236 [B] [4]

[b]; *Lord v Lord,* 124 AD2d 930, 932). Its valuation of the stock "was within the range of expert testimony and is supported by the record *(see, Reina v Reina, supra,* at 776; *see also, Pulitzer v Pulitzer,* 134 AD2d 84, 89)" *(Urtis v Urtis, supra,* at 1004). Having found that distribution of the stock would be impractical, the court properly made a distributive award *(see,* Domestic Relations Law § 236 [B] [5] [e]). Although, in making the distributive award, the court failed to set forth specifically the factors it considered, remittal to the court for that purpose is not necessary. The factors considered by the court in awarding maintenance adequately support its distributive award to plaintiff. The court erred, however, in failing to order post-judgment interest at the statutory rate on the distributive award *(see, Povosky v Povosky,* 124 AD2d 1068, 1070; *see also,* CPLR 5003, 5004).

It was appropriate for the court to direct that the marital debt be paid from the proceeds of the sale of the marital residence. Plaintiff is not entitled to reimbursement for that portion of a home equity loan applied to defendant's law practice. The law practice was marital property and, therefore, the loan was a marital debt used for the benefit of marital property.

There is no merit to defendant's contention that the court's award of maintenance was excessive. "Questions of maintenance are addressed to the sound discretion of the trial court *(see,* Domestic Relations Law § 236 [B] [6]; *Majauskas v Majauskas,* 61 NY2d 481, 494; *Pacifico v Pacifico,* 101 AD2d 709, 710)" *(Torgersen v Torgersen, supra,* at 1024). The court's decision demonstrates that it carefully considered the statutory factors *(see,* Domestic Relations Law § 236 [B] [6] [a] [1]-[6], [8]) as well as the relative positions of the parties to achieve an appropriate balancing of plaintiff's needs and defendant's ability to pay *(see, Torgersen v Torgersen, supra,* at 1024). The court should not, however, have ordered that maintenance be decreased upon plaintiff's attainment of income in excess of $18,000 per year. Ordinarily, a judgment should not provide for a change in the amount of maintenance upon the happening of a particular event *(see, Majauskas v Majauskas, supra,* at 494-495; *Lesman v Lesman,* 88 AD2d 153, 161, *appeal dismissed* 57 NY2d 956).

The court properly denied defendant's pre-judgment motion to reconsider its decision *(see,* CPLR 4404 [b]; *see also, Matter of Pratt v Schryver,* 103 AD2d 1016).

Finally, we have examined the parties' remaining contentions and find them to be without merit.

Thus, the judgment is modified by striking the provision that maintenance be decreased if plaintiff's income exceeds $18,000 per year and by adding post-judgment interest at the statutory rate to the distributive award (see, CPLR 5004). (Appeals from Judgment of Supreme Court, Erie County, Whelan, J.—Divorce.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.