■ DONNA L. BAKER, Respondent, v DUANE C. BAKER, Appellant. [615 NYS2d 544] —Judgment unanimously modified on

the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in ordering defendant to pay open-ended maintenance consisting of the mortgage, taxes, insurance and "all basic utility expenses to maintain the marital residence" until the emancipation of the children or the remarriage or death of plaintiff. Such open-ended payments are improper (see, 22 NYCRR 202.50 [b]; subtit D, ch III, subch B; *Weinstein v Weinstein*, 125 AD2d 301, 303; *Belcastro v Belcastro*, 104 AD2d 625; see also, *Chasnov v Chasnov*, 131 AD2d 624, 625). The court further erred in ordering defendant to pay as maintenance the full amount of housing expenses for the marital residence when the court also ordered defendant to pay child support. Because child support includes an allowance for housing expenses, the children's share of those expenses must be deducted from the total amount of housing expenses when maintenance is calculated (see, *James v James*, 169 AD2d 441, 442; Scheinkman, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:27, 1994 Pocket Part, at 259).

With respect to child support, the record does not clearly establish what amount was ordered. The court should have computed the amount in accordance with the Child Support Standards Act.

Thus, we vacate the third decretal paragraph and so much of the sixth decretal paragraph as orders payment of maintenance and remit the matter to Supreme Court for proper computation of child support and maintenance. (Appeal from Judgment of Supreme Court, Onondaga County, Hayes, J.— Equitable Distribution.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.