■■■ JOYCE L. NIELSEN, Appellant, v WILLIAM A. NIELSEN, Respondent. [682 NYS2d 502] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: "Questions of maintenance are addressed to the sound discretion of the trial court" (*Torgersen v Torgersen,* 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709). We reject plaintiff's contention that Supreme Court abused its discretion in declining to award maintenance (*see, Knight v Knight,* 231 AD2d 847). We further reject the contention that the court abused its discretion in denying plaintiff's request for an award of counsel fees (*see, Torgersen v Torgersen, supra,* at 1024) and add that an "award to plaintiff for counsel fees generated by this appeal is not warranted and in the exercise of our discretion we deny the request" (*Bushorr v Bushorr,* 129 AD2d 989; *see, DiSanto v DiSanto,* 198 AD2d 838, 839). The court properly allocated between the parties the credit card debt incurred prior to the separation (*see, Savage v Savage,* 155 AD2d 336) and properly determined the value of the parties' vehicle (*see, Daisernia v Daisernia,* 188 AD2d 944, 946).

The court erred, however, in determining that the severance payment of $52,500 received by defendant after the commencement of the divorce action constituted separate property. Upon our review of the evidence, we conclude that the severance payment constituted compensation for past services rather than an incentive for future services (*see, DeJesus v DeJesus,* 90 NY2d 643, 652; *Olivo v Olivo,* 82 NY2d 202, 207-208). The record further establishes that 95% of the severance payment, i.e., $49,875, was earned during the marriage and constitutes marital property. Thus, we modify the judgment by awarding plaintiff $24,937.50, one half of the $49,875. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Matrimonial.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.