■ DENNIS L. McCANNA, Appellant-Respondent, v DENISE M. McCANNA, Respondent-Appellant. [711 NYS2d 822] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We reject plaintiff's contention that the judgment of divorce is insufficient as a matter of law because Supreme Court failed to set forth the factors it considered and the reasons for its decision in determining property distribution and maintenance. In the judgment of divorce, the court confirmed the report of the Referee, who properly set forth the relevant statutory factors that he considered and the reasons for his decision (*see*, Domestic Relations Law § 236 [B] [5] [d], [g]; *Knight v Knight*, 258 AD2d 955, 956; *Schieck v Schieck*, 138 AD2d 688, 689). We also reject the contention of plaintiff that the court erred in imputing income to him. The Referee properly determined the income of plaintiff based on his earning capacity, as supported by financial data from the previous five years, rather than on his alleged current economic situation, and the court properly confirmed that determination (*see*, *Carr v Carr*, 171 AD2d 776, 777; *Matter of Buley v Buley*, 142 AD2d 814, 815). We have considered plaintiff's remaining contentions and conclude that they are lacking in merit.

With respect to the issue raised on defendant's cross appeal, we conclude that the court did not err in awarding plaintiff a credit of $23,300 for separate property. Although it is undisputed that plaintiff withdrew that amount from his own savings account and deposited it in a joint checking account, he presented credible evidence to rebut the presumption that his intent was to create a beneficial interest in defendant (*see*, *Giuffre v Giuffre*, 204 AD2d 684, 685; *cf.*, *Haas v Haas*, 265 AD2d 887, 888), and there is no reason to disturb the Referee's credibility determination (*see*, *Verrilli v Verrilli*, 172 AD2d 990, 991-992, *lv denied* 78 NY2d 863).

Plaintiff contends and defendant concedes that, in equalizing

the parties' IRA accounts, the court made a mathematical error in the judgment in ordering plaintiff to roll over the sum of $23,313 from his IRA account to defendant's IRA account. The proper amount is $16,143, and thus we modify the judgment accordingly. (Appeals from Judgment of Supreme Court, Erie County, NeMoyer, J.—Matrimonial.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.