Appeal from a judgment of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 31, 2007 in a divorce action. The judgment, among other things, ordered defendant to pay child support.
It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting defendant a credit against his child support arrears for his voluntary payment of child support during the pendency of this action, providing that defendant’s severance payments are defendant’s separate property and vacating the direction that defendant pay his pro rata share of the college expenses of the parties’ middle child after she attained the age of 21 and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment in this divorce action that, inter alia, distributed the parties’ marital property and ordered defendant to pay child support for the parties’ remaining unemancipated child as well as his pro rata share of the college expenses of the parties’ middle child until she completes college or attains the age of 25. We agree with defendant that Supreme Court erred in determining that he was not entitled to a credit against his child support arrears for his voluntary payment of child support during the pendency of this action. “[V]oluntary payments are preferred while [an action] is pending” (Shanon v Patterson, 294 AD2d 485, 485 [2002]), and the paying spouse “is entitled to a credit for ‘any amount of [child support that] has been paid’ ” (Burns v Burns, 84 NY2d 369, 377 [1994]; see Lester v Lester, 237 AD2d 872, 873 [1997]; DiSanto v DiSanto, 198 AD2d 838 [1993]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to determine the amount of that credit.
We further agree with defendant that the court erred in *1245 determining that his severance payments are marital property. Inasmuch as defendant’s right to receive those payments did not exist either during the marriage or prior to the commencement of this action, nor did the severance payments constitute compensation for past services, the severance payments are defendant’s separate property (see Biddlecom v Biddlecom, 113 AD2d 66, 69 [1985]; cf. Nielsen v Nielsen, 256 AD2d 1173 [1998]; see generally Olivo v Olivo, 82 NY2d 202, 207-208 [1993]). We therefore further modify the judgment accordingly. Because the court ordered that the amount “due defendant as the net equity in the marital home shall be credited towards” the award of plaintiffs share of severance payments, we direct Supreme Court upon remittal to determine the amount of any severance payments made and, in view of those payments, the amount plaintiff now shall pay to defendant.
Finally, as plaintiff correctly concedes, the court erred in directing defendant to pay his pro rata share of the college expenses of the parties’ middle child inasmuch as she has attained the age of 21 (see Schonour v Johnson, 27 AD3d 1059, 1060 [2006]). We therefore further modify the judgment accordingly. Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.