■ DANA JUHASZ, Respondent-Appellant, v STEPHEN JUHASZ, Appellant-Respondent. [873 NYS2d 799]—

Appeal and cross appeal from an amended judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 11, 2007 in a divorce action. The amended judgment, among other things, ordered defendant to pay maintenance and child support to plaintiff.

It is hereby ordered that the amended judgment so appealed from is unanimously modified on the law by providing that, upon the sale of the marital residence, defendant shall receive a credit of $216,000 and by vacating the amount awarded for child support and the directive that plaintiff designate defendant as beneficiary of life insurance for the benefit of the parties' children and as modified the amended judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals and plaintiff cross-appeals from an amended judgment of divorce that, inter alia, directed defendant to pay maintenance and child support, as

well as distributed marital property. The parties were married in 1990 and have three minor children. Supreme Court properly determined that a brokerage account with Julius Baer (JB account) was defendant's separate property inasmuch as it was funded entirely from defendant's premarital sale of stock in a family business (*see* Domestic Relations Law § 236 [B] [1] [d] [1]). The court erred, however, in failing to credit defendant for his contribution of separate property toward the purchase of the marital residence. It is well settled that a spouse is entitled to a credit for his or her contribution of separate property toward the purchase of the marital residence (*see Milnarik v Milnarik*, 23 AD3d 960, 962-963 [2005]; *Gonzalez v Gonzalez*, 291 AD2d 373, 374 [2002]; *Moses v Moses*, 231 AD2d 850 [1996]), including any contributions that are directly traceable to separate property (*see Spilman-Conklin v Conklin*, 11 AD3d 798, 800 [2004]; *Myers v Myers*, 255 AD2d 711, 716 [1998]).

Before the marriage, defendant purchased a home for $240,000 with funds that he derived from his sale of the stock. During the marriage, defendant contributed $200,000 from the JB account to purchase a vacation home for approximately $450,000, and he secured a mortgage for the balance. That mortgage was also paid with funds from the JB account. The parties subsequently sold both homes and purchased the marital residence for $216,000. We conclude that defendant is entitled to a credit of $216,000 for his contribution of separate property to purchase the marital residence, and we therefore modify the amended judgment accordingly. "While [defendant] did not provide a paper trail documenting the source of the money used to purchase the marital residence, nothing in either party's testimony suggests that any other possible source for the money exists" (*Zanger v Zanger*, 1 AD3d 865, 867 [2003]). In view of our determination concerning defendant's entitlement to a credit for separate property with respect to the marital residence, we reject the contention of plaintiff on her cross appeal that she should have been awarded title to the marital residence as a matter of equity (*see generally* Domestic Relations Law § 236 [B] [5] [d]).

We also reject the contention of defendant that he was entitled to a credit for separate property that he contributed for renovations to the marital residence. Although the marital residence was appraised for $420,000 four months prior to the trial, defendant failed to establish that the separate property funds spent on renovations added value to the residence apart from the appreciation in value resulting from market forces over the period of ownership and, if so, the amount by which the value of

the property was increased (*see generally Parkinson v Parkinson*, 295 AD2d 909 [2002]).

Contrary to defendant's further contention, the court properly imputed income to defendant of $180,000 per year. Courts have "considerable discretion to attribute or [to] impute an annual income to a parent" (*Blaise v Blaise*, 241 AD2d 680, 682 [1997]; *see* Domestic Relations Law § 240 [1-b] [b] [5] [iv]; *Winnert-Marzinek v Winnert*, 291 AD2d 921 [2002]; *see also Kay v Kay*, 37 NY2d 632, 637 [1975]), and the record establishes that defendant derived substantial income from his investments. We conclude, however, that the amount awarded for child support must be vacated because the court failed to articulate any basis for that portion of the award based on the parental income exceeding $80,000 (*see Matter of Cassano v Cassano*, 85 NY2d 649, 653-655 [1995]; *Matter of Miller v Miller*, 55 AD3d 1267, 1268-1269 [2008]; *Irene v Irene* [appeal No. 2], 41 AD3d 1179, 1181 [2007]). We therefore further modify the amended judgment by vacating that amount, and we remit the matter to Supreme Court to determine defendant's child support obligation in compliance with the Child Support Standards Act (*see e.g. Irene*, 41 AD3d at 1181). Contrary to the contention of defendant, we conclude that the court properly ordered him to continue to pay for the private school education of the children (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Fruchter v Fruchter*, 288 AD2d 942, 943 [2001]).

We reject the further contention of plaintiff on her cross appeal that the court violated Domestic Relations Law § 248 by ordering that maintenance would terminate in the event that she resided with an unrelated adult male for more than 30 days. That section, entitled "Modification of judgment or order in action for divorce or annulment," provides in relevant part that a husband may apply for *modification* of a judgment of divorce if the wife remarries or if she is "habitually living with another man and holding herself out as his wife, although not married to such man." Here, however, we are concerned with an initial award of maintenance and not an application to modify an existing judgment or order. Inasmuch as courts have the discretionary power to "fashion a fair and equitable maintenance award" (*Hartog v Hartog*, 85 NY2d 36, 52 [1995]), we conclude under the circumstances of this case that the condition imposed by the court is not improper (*cf. Florio v Florio*, 25 AD3d 947, 950 [2006]).

The further contention of plaintiff that she is entitled to arrears for maintenance and child support is not properly before us. In the amended judgment, the court specifically noted that

these issues were unresolved and were still pending before the court. Thus, any ruling on those issues by this Court would be premature (*see generally* CPLR 5701 [a] [2]; *Cobb v Kittinger*, 168 AD2d 923 [1990]).

As plaintiff contends and defendant correctly concedes, the court erred in directing plaintiff to "designate defendant as beneficiary [of life insurance] for the benefit of the children." We therefore further modify the amended judgment by vacating that directive. Present—Hurlbutt, J.P., Martoche, Smith and Pine, JJ.