■ CORNEALIUS CAMPBELL, Respondent, v ANITA BROWN CAMPBELL, Appellant. [899 NYS2d 48]—

Judgment, Supreme Court, New York County (Laura Drager, J.), entered March 20, 2008, following nonjury trials (Saralee Evans, J., on grounds; Laura Drager, J., on financial issues), granting plaintiff a divorce on the ground of cruel and inhuman treatment, distributing the marital assets and awarding defendant weekly maintenance in the amount of $100 for three years, unanimously affirmed, without costs.

Plaintiff's testimony that defendant threw him out of the marital home in February 2002 and that he ended up in a homeless shelter; that she subjected him, inter alia, to constant unrelenting verbal abuse during the marriage and incessant calls to his workplace, threatening his job and informing coworkers that he was a crack addict; that she had him detained in a hospital psychiatric unit on false charges that he was a danger to her and to himself; and that, anxious and depressed, he developed stomach pains and had difficulty eating, and sought counseling amply established that defendant's conduct endangered plaintiff's mental well-being and constituted cruel and inhuman treatment (*see Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d 862 [2005], *lv denied* 6 NY3d 710 [2006]; *Stoothoff v Stoothoff*, 226 AD2d 209 [1996]; *Smith v Smith*, 206 AD2d 255 [1994], *lv dismissed* 84 NY2d 977 [1994]). While defendant

denied plaintiff's allegations, the court, as trier of fact, evidently rejected her version, and its credibility determination is entitled to deference (*Stoothoff*, 226 AD2d at 209).

In view of defendant's failure, despite several court orders, to provide full financial disclosure, and the court's consequent inability to fully assess the sources of funds available to her, she may not be heard to complain that the maintenance award was inadequate (*see Shortis v Shortis*, 274 AD2d 880, 882-883 [2000]). The lack of disclosure notwithstanding, the court endeavored to make an equitable award, taking into consideration the testimony adduced at trial and the relevant statutory factors, including the parties' standard of living during the marriage and the resources available to them, and its determination was a proper exercise of discretion (*see Naimollah v De Ugarte*, 18 AD3d 268, 271 [2005]). Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Richter, JJ.