# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1117**
**CA 11-01069**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, AND PERADOTTO, JJ.

---

KAREN L. SALVATO, PLAINTIFF-RESPONDENT,

V                                             MEMORANDUM AND ORDER

LARRY P. SALVATO, DEFENDANT-APPELLANT.

---

LAW OFFICE OF MARK A. YOUNG, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

HANDELMAN, WITKOWICZ & LEVITSKY, ROCHESTER (STEVEN M. WITKOWICZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered November 12, 2010 in a divorce action. The judgment, inter alia, granted plaintiff a divorce.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from a judgment of divorce that, inter alia, directed him to pay maintenance and child support. Contrary to defendant's contention, Supreme Court properly determined the amount of child support. In determining a parent's income for purposes of child support, the court shall deduct from income any maintenance paid to a spouse "provided the order or agreement provides for a specific adjustment . . . in the amount of child support payable upon the termination of . . . maintenance to such spouse" (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). Here, there was no provision for an adjustment of child support upon the termination of maintenance, and thus there was no basis for the court to deduct maintenance from defendant's income in determining the amount of child support (*cf. Schiffer v Schiffer*, 21 AD3d 889, 890-891; *Kessinger v Kessinger*, 202 AD2d 752, 753-754). We further conclude that, although defendant testified at trial that his current earnings were less than his earnings from the previous year, the court did not abuse its discretion in using his income from the previous year to calculate child support. Defendant failed to provide a consistent explanation for the decrease in his income from his employment at his family's business.

Contrary to defendant's further contention, the court did not abuse its discretion in awarding maintenance to plaintiff of $1,000 a month for a period of four years (*see McCarthy v McCarthy*, 57 AD3d 1481, 1481-1482). "[T]he amount and duration of maintenance are

matters committed to the sound discretion of the trial court" (*Boughton v Boughton*, 239 AD2d 935, 935). Here, the court considered all the factors set forth in Domestic Relations Law § 236 (B) (6) (a), and properly balanced plaintiff's reasonable needs against defendant's ability to pay (*see Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709).

The court properly awarded plaintiff a credit for her separate property interest in the marital residence in the amount of $25,000. "It is well settled that a spouse is entitled to a credit for his or her contribution of separate property toward the purchase of the marital residence" (*Juhasz v Juhasz*, 59 AD3d 1023, 1024, *lv dismissed* 12 NY3d 848; *see Hendershott v Hendershott*, 299 AD2d 880, 880-881; *Judson v Judson*, 255 AD2d 656, 657). The uncontroverted evidence established that plaintiff used $25,000 that she received from her mother as a down payment for the marital residence. We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: November 18, 2011

Patricia L. Morgan
Clerk of the Court