# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**199**
**CA 14-00350**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

LYNN RIVERA, PLAINTIFF-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

MICHAEL L. RIVERA, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (LAURA EMERSON OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Shirley Troutman, J.), entered August 2, 2013 in a divorce action. The judgment, among other things, equitably distributed the marital property.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, directed him to pay maintenance and distributed the marital assets. We reject defendant's contention that the parties had ceased functioning as an economic partnership by the end of 2004, and that Supreme Court therefore erred in awarding plaintiff wife any interest in defendant's pension earned thereafter. Although defendant's employment resulted in the parties residing separately, there is no dispute that defendant remained plaintiff's sole source of financial support, that the parties shared joint bank accounts, and that they continued to file joint tax returns through the 2011 tax year. Indeed, in 2008, the parties made a down payment on a new marital home to be constructed in Virginia. It is well settled that " '[e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion' " (*Prasinos v Prasinos*, 283 AD2d 913, 913; *see also Oliver v Oliver*, 70 AD3d 1428, 1428-1429). We perceive no reason on this record to disturb the court's determination (*see generally Gasiorowski v Gasiorowski*, 267 AD2d 557, 557-558, *lv denied* 94 NY2d 762). We note that inasmuch as plaintiff did not appeal from the judgment, her contention that the court erred in awarding her a diminished share in defendant's pension after 2007 is not properly before us (*see Hecht v City of New York*, 60 NY2d 57, 63).

Contrary to defendant's contention, plaintiff's separate property, in the form of a single family home she owned in Louisiana

prior to marriage, was not transmuted into marital property when she used it to assist in funding the purchase of a series of marital residences.  "It is well settled that a spouse is entitled to a credit for his or her contribution of separate property toward the purchase of the marital residence . . . , including any contributions that are directly traceable to separate property" (*Juhasz v Juhasz*, 59 AD3d 1023, 1024, *lv dismissed* 12 NY3d 848; *see also Salvato v Salvato*, 89 AD3d 1509, 1510, *lv denied* 18 NY3d 811).  We reject defendant's contention that he was entitled to a credit for roofing improvements made to plaintiff's Louisiana residence, which were allegedly paid for out of his income.  Defendant failed to establish that the funds spent on the roof "added value to the residence apart from the appreciation in value resulting from market forces over the period of ownership and, if so, the amount by which the value of the property was increased" (*Juhasz*, 59 AD3d at 1024-1025).

We reject defendant's further contention that the court abused its discretion in setting the amount of maintenance.  "The record establishes that the court appropriately considered [plaintiff's] 'reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors' set forth in Domestic Relations Law § 236 (B) (6) (a)" (*Frost v Frost*, 49 AD3d 1150, 1151, quoting *Hartog v Hartog*, 85 NY2d 36, 52).

Finally, contrary to defendant's contention, we conclude that the award of counsel fees to plaintiff is reasonable and does not constitute an abuse or improvident exercise of the court's discretion (*see Gelia v Gelia*, 114 AD3d 1263, 1264).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court