# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1288**
**CA 14-01930**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

GARY PALUMBO, PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

LAUREN PALUMBO, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

MICHAEL A. ROSENHOUSE, ROCHESTER, FOR PLAINTIFF-APPELLANT.

BROWN HUTCHINSON LLP, ROCHESTER (KIMBERLY J. CAMPBELL OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 31, 2013 in a divorce action. The judgment, among other things, granted plaintiff a divorce.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, plaintiff appeals from a judgment of divorce and, in appeal No. 2, he appeals from a subsequent order that modified the judgment by including a provision regarding the refinancing or sale of the marital residence. Addressing first appeal No. 1, we reject plaintiff's contention that Supreme Court erred in allocating debt incurred from three separate loans all to him rather than to him and defendant, jointly. "A trial court . . . has broad discretion in deciding what is equitable under all of the circumstances" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 420). Here, the court found that the debts "were not 'predominantly . . . marital' " (*Dietz v Dietz*, 203 AD2d 879, 882). The money from the loans was used to further plaintiff's business interests, and defendant was not given any interest in those business interests in the court's equitable distribution of property (*cf. Markel v Markel*, 197 AD2d 934, 935). We see no reason to disturb the court's determination (*see Rivera v Rivera*, 126 AD3d 1355, 1356).

We reject plaintiff's contention that the court erred in concluding that defendant was entitled to a credit for marital funds that were used to pay a separate debt of plaintiff (*see Mahoney-Buntzman*, 12 NY3d at 421; *Khan v Ahmed*, 98 AD3d 471, 472-473). Defendant had no knowledge of the loan or that plaintiff used marital funds to pay off the loan. Plaintiff's contention that the court further erred in failing to credit him for his contribution of

separate property to purchase the marital residence is raised for the first time on appeal and is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). We have considered plaintiff's remaining contention with respect to appeal No. 1 and conclude that it is without merit.

With respect to appeal No. 2, the parties stipulated during the nonjury trial to the value of the marital residence, and they further stipulated that plaintiff could keep the marital residence only if he was able to refinance it within three months. The parties otherwise agreed that plaintiff would sell the residence. The three months was to be measured from the date of the court's decision or the date of the judgment. Neither the decisions nor the judgment rendered by the court mentioned that part of the stipulation regarding the refinancing or sale of the residence. A little more than three months after the date of the judgment, defendant moved for, inter alia, a money judgment in the amount of her distributive award, including her share of the marital residence, or the sale of the marital residence so that plaintiff would then pay her the amount of her distributive award. Plaintiff opposed the motion, arguing that the judgment and decisions failed to reference the stipulation regarding the refinancing or sale of the residence, and cross-moved for a stay of enforcement pending appeal. However, plaintiff had no objection to a modification of the judgment to incorporate the stipulation provided that the court granted his cross motion for a stay. By the order in appeal No. 2, the court granted that part of defendant's motion seeking a sale of the residence and granted the cross motion for a stay. The court amended the judgment to incorporate the stipulation nunc pro tunc, and ordered the residence to be listed for sale inasmuch as plaintiff had not refinanced the residence within three months from the date of the judgment.

On appeal, plaintiff contends that the amendment was improper because it placed him in immediate default, and he requests an additional three months to refinance. We note that plaintiff does not contend that the court erred in incorporating the oral stipulation into the judgment of divorce and does not seek to vacate the provision but, rather, he seeks only to modify it (*cf. Lewis v Lewis*, 70 AD3d 1432, 1433). Under the circumstances of this case, we modify the order in appeal No. 2 by providing that, if the marital residence is not refinanced within 90 days of service of a copy of the order of this Court with notice of entry, the marital residence is to be sold.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court