Ulrich v Ulrich (2022 NY Slip Op 04242)

Ulrich v Ulrich

2022 NY Slip Op 04242

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

339 CA 21-01011

[*1]PATRICIA A. ULRICH, PLAINTIFF-RESPONDENT,
v
KEVIN J. ULRICH, DEFENDANT-APPELLANT. 

JAMES P. RENDA, BUFFALO, FOR DEFENDANT-APPELLANT. 
HOGANWILLIG, PLLC, BUFFALO (KENNETH A. OLENA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Amy C. Martoche, J.), entered February 1, 2021 in a divorce action. The judgment, among other things, dissolved the marriage between the parties. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from a judgment of divorce that, inter alia, dissolved the parties' marriage and, as set forth in the report of the Matrimonial Referee (Referee), awarded plaintiff her share of defendant's pension benefit "without reduction for the 'pop up' selection." We affirm.
The parties were married in August 2004. By that time, defendant had been working as a state correction officer for 16½ years. In 2015, while the parties were still married, defendant retired, having accrued 27½ years of pension credit. At that time, defendant chose a "pop up" pension payment option that provided that either he or plaintiff would continue to receive a pension upon the other's death but that, should plaintiff die first, defendant's pension payment would at that time change to the single life allowance amount.
Plaintiff commenced the underlying divorce action in November 2019. The parties informally resolved most of the issues raised in the action through a property settlement and separation agreement. The few remaining unresolved issues included, as relevant on appeal, the equitable distribution of defendant's pension allowance, which was addressed at a hearing.
Contrary to defendant's contention, Supreme Court did not abuse its discretion with respect to the equitable distribution of defendant's pension benefit (see generally Rivera v Rivera, 126 AD3d 1355, 1356 [4th Dept 2015]; Schiffmacher v Schiffmacher, 21 AD3d 1386, 1386-1387 [4th Dept 2005]; McCanna v McCanna, 274 AD2d 949, 949 [4th Dept 2000]). There is no dispute that "the concept of pension benefits as marital property is consistent with the concept of equitable distribution which rests largely on the view that marriage is, among other things, an economic partnership to which each party has made a contribution" (Kraus v Kraus, 131 AD3d 94, 99 [2d Dept 2015] [internal quotation marks omitted]; see generally Olivo v Olivo, 82 NY2d 202, 207-208 [1993]). Inasmuch as a court has the authority in a divorce action to require a pensioned spouse to elect a pension option providing a pension benefit for the other party that survives the pensioned spouse's death (see Antinora v Antinora, 125 AD3d 1336, 1340 [4th Dept 2015]), the court also has the power to direct equitable distribution of the irrevocable choice of a survivor pension benefit made during the marriage (see generally Olivo, 82 NY2d at 207-208; Antinora, 125 AD3d at 1340).
Here, the record establishes that the court confirmed the report of the Referee, who properly set forth the relevant statutory factors that she considered and the reasons for her [*2]decision with respect to the pension benefit (see McCanna, 274 AD2d at 949). Specifically, the record reflects that plaintiff made significant contributions to the parties' marriage to the extent that she cared for their shared home and both of their children from prior marriages. Thus, we perceive no reason, on this record, to disturb the court's determination (see Rivera, 126 AD3d at 1356).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court