Monroe v Monroe (2024 NY Slip Op 02621)

Monroe v Monroe

2024 NY Slip Op 02621

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

172 CA 23-01003

[*1]JAMES A. MONROE, PLAINTIFF-APPELLANT,
v
EMILY A. MONROE, DEFENDANT-RESPONDENT. 

LAWRENCE BROWN, BRIDGEPORT, FOR PLAINTIFF-APPELLANT.

 Appeal from a judgment of the Supreme Court, Oswego County (Scott J. DelConte, J.), dated November 30, 2022, in a divorce action. The judgment, inter alia, equitably distributed the marital assets of the parties and awarded defendant maintenance. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part addressing the parties' obligations related to the mortgage on the marital residence and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memorandum: In this matrimonial action, plaintiff appeals from a judgment of divorce that, among other things, distributed marital property and awarded defendant maintenance. The parties were married in 2013, and plaintiff commenced this action in 2021. In 2019, during the course of the marriage, defendant received an inheritance from her grandfather, and the following year the parties purchased their marital residence for $160,000. Defendant used $125,000 of her inheritance to fund that purchase, with the balance covered by a mortgage. In order to secure the mortgage, plaintiff needed to prove to the bank that he had sufficient funds, so defendant provided him with a "gift letter" stating that she was giving him $125,000 "as an outright gift and not a loan in any form" and that the money was being given to him "for the purchase of [the marital residence]."
To the extent that plaintiff contends that Supreme Court erred in awarding defendant a separate credit of $125,000 for inherited funds she used to purchase the marital residence, he failed to preserve that contention for our review (see Palumbo v Palumbo, 134 AD3d 1423, 1424 [4th Dept 2015]). Indeed, plaintiff conceded at trial and in his proposed findings of fact that defendant was entitled to the separate credit awarded by the court, and the court noted the concession in its findings of fact and conclusions of law. In any event, the court's separate property determination is supported by the record (see Pelcher v Czebatol, 98 AD3d 1258, 1259 [4th Dept 2012]; Salvato v Salvato, 89 AD3d 1509, 1510 [4th Dept 2011], lv denied 18 NY3d 811 [2012]).
Plaintiff further contends that the court erred in determining that he should be solely responsible for the 27-year mortgage on the marital residence, less defendant's $20,000 share of the balance due. In particular, plaintiff asserts that the determination is akin to an award of maintenance and that its duration is thus subject to the constraints of Domestic Relations Law § 236 (B) (6) (f) (1). We reject that contention.
"The term 'maintenance' shall mean payments provided for in a valid agreement between the parties or awarded by the court in accordance with the provisions of [section 236 (B) (5-a) and (6)], to be paid at fixed intervals for a definite or indefinite period of time" (Domestic Relations Law § 236 [B] [1] [a]). While there are cases that have deemed mortgage payments a "form" of maintenance (Behan v Kornstein, 164 AD3d 1113, 1114 [1st Dept 2018], lv dismissed in part & denied in part 32 NY3d 1078 [2018]; see Baker v Baker, 206 AD2d 931, 932 [4th Dept 1994], lv dismissed 84 NY2d 1026 [1995], cert denied 514 US 1128 [1995]; Matter of Frye v Brown, 189 AD2d 1031, 1033 [3d Dept 1993]), this is not such a case.
Here, the court ordered plaintiff to pay both maintenance and the mortgage balance, less defendant's $20,000 share. We note that distributive awards and maintenance awards serve distinct purposes. "A distributive award is intended to reflect the equitable division of the marital assets between the parties, while maintenance is merely a payment awarded in the discretion of the court to a needy spouse . . . In view of these distinct purposes, [courts have] previously indicated that the treatment of a distributive award as maintenance is improper" (Lipovsky v Lipovsky, 271 AD2d 658, 659 [2d Dept 2000], lv dismissed 95 NY2d 886 [2000], lv denied 96 NY2d 712 [2001]; see Buzzeo v Buzzeo, 141 AD2d 490, 491 [2d Dept 1988]).
In our view, the determination to divide the mortgage balance equitably between the parties was intended as a distribution of marital debt, not a form of maintenance (cf. Behan, 164 AD3d at 1114; Baker, 206 AD2d at 932; Frye, 189 AD2d at 1033). The judgment of divorce required plaintiff to pay his portion of the mortgage balance within 60 days of entry of the judgment. Thus, contrary to plaintiff's contention, the requirement that he pay a portion of a mortgage was not an award spanning 27 years.
Plaintiff's further contention that the court erred in directing that he pay his share of the mortgage balance directly to defendant instead of to the bank misrepresents the judgment on appeal. The judgment directed that he pay his share of the mortgage balance "in bank certified funds to Defendant's Counsel payable" to counsel's law firm "within 60 days of the filing of the Judgment of Divorce." The judgment does not require plaintiff to pay defendant directly, nor does it permit defendant to use those funds for any purpose other than fulfilling plaintiff's obligation with respect to the mortgage.
Nevertheless, we conclude that the court erred in failing to direct defendant to take measures to remove plaintiff's name from the mortgage upon his payment of his share of the mortgage balance. The judgment required the parties to "execute all documents necessary to transfer title to real estate and to comply with any other distribution," but it made no provision for plaintiff's name to be removed from the mortgage, even though defendant was receiving the home and was also responsible for a portion of the mortgage payments. We conclude that, once plaintiff made his payment—assuming, arguendo, that he made the payment as the judgment directed—he should have been relieved of any further obligation to the bank holding the mortgage. We therefore modify the judgment by vacating that part addressing the parties' obligations related to the mortgage on the marital residence, and we remit the matter to Supreme Court to calculate each party's share of the balance due on the mortgage.
Finally, we reject plaintiff's contention that the court erred in awarding defendant any maintenance or distribution due to her failure to file financial documentation. In the judgment, the court took note of defendant's failure to comply with her obligation to file such documentation when it declined to award her attorney's fees and costs and imputed income to her despite her lack of employment. Aside from the challenges to the distributive award addressed above, plaintiff does not attack the maintenance or distributive award as unfair or an abuse of discretion (see generally Anastasi v Anastasi, 207 AD3d 1131, 1131 [4th Dept 2022]). We therefore address only the court's authority to issue such awards despite defendant's failure to file the requisite financial documents to support those awards. Assuming, arguendo, that plaintiff's contention is preserved (cf. Juhasz v Juhasz [appeal No. 2], 92 AD3d 1209, 1211 [4th Dept 2012]), we conclude that, notwithstanding "[t]he lack of disclosure" (Campbell v Campbell, 72 AD3d 556, 557 [1st Dept 2010], lv denied 15 NY3d 713 [2010]), the court had "the opportunity to consider the parties' relative financial circumstances at the [trial]" (Harold v Harold, 133 AD3d 1376, 1378 [4th Dept 2015]). Indeed, the relevant facts related to the parties' financial circumstances were not disputed. We therefore see no basis to disturb the remainder of the court's determinations regarding equitable distribution and maintenance.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court