# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned September 13, 2012

## IN RE: CONSERVATORSHIP OF ALFONSO B. PATTON

**Appeal from the Probate Court for Davidson County**
**No. 10P191       David Randall Kennedy, Judge**

---

**No. M2012-01878-COA-10B-CV - Filed September 17, 2012**

---

This is an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the trial court's denial of a motion for recusal. Having reviewed the appellant's petition for recusal appeal pursuant to the de novo standard as required under Rule 10B, § 2.06, we affirm the trial court's decision to deny the petitioner's motion for recusal.

**Tenn. R. App. P. 10B Interlocutory Appeal as of Right;**
**Judgment of the Probate Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and JEFFREY S. BIVINS, SP. J., joined.

Patricia D. Richmond and Ronnie Richmond, Nashville, Tennessee, pro se.

David J. Callahan, III and Peggy Duncan Mathes, Nashville, Tennessee, for the appellee, Conservatorship of Alfonso B. Patton.

## OPINION

This appeal arises out of a conservatorship action. On July 17, 2012, the ward's daughter, Patricia Richmond, filed a motion for recusal of the trial judge asserting that the trial judge is biased and prejudiced against her, her husband, and the ward, and is "always siding with the adverse party." The trial court heard the motion on August 3, 2012. On August 17, 2012, the trial court entered an order denying the motion and setting forth the

grounds for its decision in accordance with Tennessee Supreme Court Rule 10B, § 1.03. On September 4, 2012, Ms. Richmond filed this petition for recusal appeal pursuant to Rule 10B § 2.02.[1]

Appeals from orders denying motions to recuse are governed by Rule 10B. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court.[2] Rule 10B, § 2.02. If this court, based on the petition and supporting documents, determines that no answer is needed, we may act summarily on the appeal. Rule 10B, § 2.05. Otherwise, this court may order an answer and may also order further briefing by the parties. In addition, Rule 10B, § 2.06 grants this court the discretion to decide the appeal without oral argument.

Having reviewed the petition and supporting documents, we have determined that an answer, additional briefing and oral argument are unnecessary, and have elected to act summarily on the appeal in accordance with Rule 10B, §§ 2.05 and 2.06.

## ISSUES

Ms. Richmond raises four issues in her petition:

1)   Whether the trial judge has been biased and prejudiced against her, her husband and the ward during the proceedings;
2)   Whether there has been an appearance of impropriety and failure of impartiality during the proceedings;
3)   Whether her constitutional rights were violated during the proceedings; and
4)   Whether the trial court failed to protect and preserve the ward's estate.

The only issues this court may consider in an appeal under Rule 10B concern whether the trial court erred in denying the motion for recusal. We cannot review the correctness of the trial court's other decisions regarding the merits of the case. Accordingly, only the first two issues will be addressed in this Rule 10B appeal.

---

[1]Ms. Richmond also filed an identical petition for recusal appeal in a related case, *Conservatorship of Patton*, Davidson Co. Probate Case No. 11P1271. Ms. Richmond's motion for recusal and the trial court's order denying recusal were identical in both cases. The court has addressed that petition by a simultaneously entered opinion in App. No. M2012-01880-COA-10B-CV.

[2]In civil cases other than worker's compensation cases, this court is the appropriate appellate court.

## STANDARD OF REVIEW

We review the trial court's denial of the motion for recusal under a de novo standard of review.[3]  Tenn. S. Ct. R. 10B, §2.06.

## ANALYSIS

The relevant portions of the Rules of Judicial Conduct provide:

(A)  A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

> (1) The judge has a personal bias or prejudice concerning a party or party's lawyer, or personal knowledge of facts that are in dispute in the proceedings.

Tenn. S. Ct. R. 10, RJC 2.11.

## I.

Ms. Richmond's primary assertions of bias and prejudice all involve rulings of the trial court. She recites numerous instances where the trial judge allegedly showed bias by failing to grant the relief she requested or by granting relief requested by the opposing party. She asserts the trial judge consistently ignored her arguments and adopted the position of opposing counsel. Essentially, Ms. Richmond argues that, because the trial judge consistently ruled against her, he must be biased.

The terms "bias" and "prejudice" generally refer to a state of mind or attitude that works to predispose a judge for or against a party; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn Crim App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id*. However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.*

---

[3]Prior to the adoption of Tenn. S. Ct. R. 10B, effective July 1, 2012, the appellate courts reviewed recusal decisions pursuant to the more deferential abuse of discretion standard. *See State v. Hester*, 324 S.W.3d 1 (Tenn. 2010).

"A trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley*, 882 S.W.2d at 821. The reason for this proposition has been explained by our Supreme Court as follows:

> [T]he mere fact that a judge has ruled adversely to a party or witness ... is not grounds for recusal. Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001) (internal citations omitted).

Having reviewed the petition and record before us, we have concluded that Ms. Richmond has failed to establish that the trial court's impartiality may reasonably be questioned or that the trial court has a personal bias or prejudice concerning Ms. Richmond, her husband, or the ward, the adverse rulings by the trial court notwithstanding.

II.

Ms. Richmond also asserts that there is an appearance of impropriety because opposing counsel served as a law clerk for the trial judge a few years ago and views the trial judge as a mentor. Ms. Richmond does not, however, assert that opposing counsel had any contact with this case in his role as law clerk for the probate court or served as a clerk while this matter was pending. Thus, the assertion of an appearance of impropriety is solely based on the two factors above.

We find these circumstances, without more, to be inadequate to establish an appearance of impropriety. Moreover, a judge is not required to recuse himself or herself from every case in which counsel of record is a former law clerk or is viewed as a mentor or friend by the law clerk. *See Rath v. Melens*, 789 NYS2d 575 (N.Y. App. Div. 2005) (stating recusal not required where attorney was a former law clerk for the trial judge); *see also Cannon*, 254 S.W.3d at 308 ("The mere existence of a friendship between a judge and an attorney is not sufficient, standing alone, to mandate recusal"); *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) ("The fact that a judge was once professionally associated with a lawyer for one of the parties in a case is not, without more, grounds for

-4-

disqualification").

III.

The remainder of Ms. Richmond's allegations relate to conflicts of the conservator and other parties, not the trial judge. These conflicts go to the merits of the case and are not subject to review in this appeal.

**IN CONCLUSION**

Having reviewed Ms. Richmond's petition and supporting documents pursuant to the de novo standard as required by Tennessee Supreme Court Rule 10B, §2.06, we have concluded that the trial court's rulings do not evidence a bias against Ms. Richmond, her husband, or the ward and no appearance of impropriety. Therefore, we find no grounds to require recusal under the Rules of Judicial Conduct and affirm the trial court's decision to deny the motion for recusal.

This case is remanded to the trial court for further proceedings consistent with this opinion. Patricia Richmond is taxed with the costs for which execution, if necessary, may issue.

_____
FRANK G. CLEMENT, JR., JUDGE