■ JEROME FUCHS, Respondent, v JEANNE FUCHS, Appellant. —In a proceeding to obtain specific performance of certain provisions of a separation agreement entered into by the parties, the defendant wife appeals from an order of the Supreme Court, Queens County (Glass, J.), dated January 9, 1987, which granted the motion of the plaintiff husband to direct her to place the former marital home on the market for sale and denied her cross motion for leave to enter a money judgment.

Ordered that the order is affirmed, with costs.

On January 26, 1973, the parties executed a separation agreement which was incorporated into and was to survive the subsequent judgment of divorce which was granted on April 19, 1974. The parties owned the marital residence as tenants by the entirety until the divorce converted title to a tenancy in common.

The agreement provided that the wife, who acquired exclusive use and occupancy of the premises, was solely responsible for the mortgage, fuel, ordinary maintenance and tax payments. The parties agreed that, upon the emancipation of the infant issue, the house was to be sold and the net proceeds of the sale were to be divided equally between them.

Both children became emancipated and the husband moved to compel the wife to place the marital premises on the market for sale. The wife cross-moved for a money judgment

against the husband for one half of various amounts she had expended over the years including, *inter alia,* maintenance, repair charges and mortgage payments. After a hearing was concluded, the Supreme Court granted the husband's motion and denied the wife's cross motion.

In our view, the Supreme Court was correct. Here, the wife received the benefit of the use and occupancy of the premises while the husband was absolved of the responsibility of the carrying or maintenance expenses. The separation agreement, which the parties voluntarily entered into after negotiations, clearly provided that the wife was solely responsible therefor. No provision appears which would require an interpretation that the husband, at some future point, i.e., upon the sale of the premises, would be obligated for one half of any such charges paid by the wife *(see, Martin v Martin,* 82 AD2d 431). Rather, the agreement states that the net proceeds of the sale were to be equally divided between the parties. Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.