█ DIANNE SITAREK, Respondent, v DAVID J. SITAREK, Appellant. (Appeal No. 1.)

Supreme Court held a hearing on defendant's application and concluded that the proof of plaintiff's cohabitation was insufficient to justify terminating defendant's maintenance obligation. The record fully supports that conclusion. To establish cohabitation, defendant had the burden of showing that plaintiff was living with an unrelated male and that she was holding herself out as his wife (see, Domestic Relations Law § 248; *Matter of Bliss v Bliss,* 66 NY2d 382; *Northrup v Northrup,* 43 NY2d 566, 571-572; *Levy v Levy,* 143 AD2d 975, 977). Although it was uncontroverted that plaintiff was living with an unrelated male, defendant failed to establish that she was holding herself out as that male's wife. Thus, defendant's application was properly denied (see, *Matter of Bliss v Bliss, supra; see also, Northrup v Northrup, supra).* Moreover, the facts established at the hearing were insufficient to demonstrate that the maintenance obligation should be modified on the ground that its enforcement would result in extreme hardship (see, Domestic Relations Law § 236 [B] [9] [b]; *Praeger v Praeger,* 162 AD2d 671, 673; *Pintus v Pintus,* 104 AD2d 866, 867).

We also reject defendant's contention that Supreme Court abused its discretion in directing him to pay plaintiff's attorney's fees in the amount of $2000. In light of the parties' financial circumstances, the fee award, which represented approximately one-half of the fee requested, was just (see, Domestic Relations Law § 237 [b]; *see also, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *O'Brien v O'Brien,* 66 NY2d 576, 590; *Rados v Rados,* 133 AD2d 536). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Terminate Maintenance.) Present—Denman, P. J., Callahan, Green, Lawton and Davis, JJ.