■ In the Matter of MICHAEL RATH, Appellant, v HEIDI ME-LENS, Respondent. [789 NYS2d 575]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered October 28, 2003 in a proceeding pursuant to Family Court Act article 4. The order sustained the objections of respondent, vacated the order of the Support Magistrate entered August 12, 2003, and dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this Family Court Act article 4 proceeding seeking a reduction in his child support obligation with respect to his contribution to the children's college expenses. Following a hearing, the Support Magistrate, inter alia, granted the petition in part by awarding petitioner a lesser reduction than that sought. Respondent filed objections to the order of the Support Magistrate, and Family Court sustained respondent's objections, vacated the order of the Support Magistrate and dismissed the petition. We affirm.

Petitioner failed to preserve for our review his present contention that the Family Court Judge should have notified the parties that respondent's attorney was the Judge's former law clerk and that the Judge should have recused herself (*see Douglas v Kingston Income Partners '87*, 2 AD3d 1079, 1082 [2003], *lv denied* 2 NY3d 701 [2004]; *Matter of Nunnery v Nunnery*, 275 AD2d 986, 987 [2000]). In any event, that contention lacks merit (*see* NY Ethics Op 548; NY Advisory Comm on Jud Ethics Op 88-157 [1988]; *Smith v Pepsico, Inc.*, 434 F Supp 524, 525-526 [1977]).

We further conclude that the court properly exercised its

discretion in determining that petitioner was not entitled to a reduction in child support with respect to the amount he paid toward the room and board portion of the college expenses (*see Burns v Burns*, 233 AD2d 852, 853 [1996], *lv denied* 89 NY2d 810 [1997]; *Paro v Paro*, 215 AD2d 965, 966 [1995]; *cf. Matter of Kellogg v Kellogg*, 300 AD2d 996, 997 [2002]). At the time of entry of the order on appeal, only one of petitioner's two children was enrolled in college, and petitioner received supplemental income from his employer based on that child's enrollment in college. Petitioner's supplemental income was slightly more than petitioner's pro rata share of the child's expenses for room and board. Under such circumstances, a reduction in child support was not appropriate. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.