■ FLORENCE OKVIST, Formerly Known as FLORENCE CONTRO, Respondent, v ANTHONY CONTRO, Appellant. [802 NYS2d 571]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered April 7, 2004. The order, inter alia, denied defendant's motion to reject the report of the Matrimonial Referee.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, denied his motion pursuant to CPLR 4403 to reject the report of the Matrimonial Referee. We note at the outset that, although defendant appeals from the order in its entirety, he contends only that Supreme Court erred in denying that part of his motion with respect to his continuing obligation to pay maintenance to plaintiff, and he raises no issues on appeal concerning the propriety of that part of the order granting plaintiff's cross motion for, inter alia, maintenance arrears. Thus, defendant has abandoned his appeal with respect to those parts of the order concerning the remainder of his motion and concerning plaintiff's cross motion (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Defendant contends that his obligation to pay maintenance to plaintiff should be terminated pursuant to Domestic Relations Law § 248 because plaintiff is cohabiting with a man and "holds herself out as his wife, although [she is] not married to such man" (*id.*). The Matrimonial Referee found that, despite evidence that plaintiff resides with a man, that they attend family

functions and "various activities of their respective children together[,] and are generally considered a couple by those witnesses [who] testified" at the hearing, there is no evidence that plaintiff holds herself out as his wife. We conclude that the court properly confirmed the Matrimonial Referee's report in that respect (*see generally* CPLR 4403). We note that the man with whom plaintiff resides testified that he and plaintiff share an apartment because of financial need and that, although they have a close friendship, they do not have a sexual relationship. Even assuming, arguendo, that the relationship between plaintiff and the man with whom she resides is of a romantic nature, we conclude that "[t]he record does not reveal any conduct by [plaintiff], either through direct action or by implication, indicating that she ever wished anyone to believe that she was married to [him,] nor does the evidence support such a belief" (*Matter of Bliss v Bliss*, 66 NY2d 382, 388 [1985]; *see Northrup v Northrup*, 43 NY2d 566, 570-572 [1978]; *Szemansco v Szemansco*, 11 AD3d 787 [2004]; *Charland v Charland*, 267 AD2d 698, 699 [1999]; *Sitarek v Sitarek*, 179 AD2d 1064, 1065 [1992]). Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.