■ MARY P. PISTILLI, Respondent, v PETER J. PISTILLI, Appellant. [861 NYS2d 915]—

Appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered April 13, 2007. The order, among other things, modified a judgment of divorce.

It is hereby ordered that the order so appealed from is unanimously modified on the law by providing that defendant shall pay 64% of the college expenses of the parties' daughter and plaintiff shall pay 36% of those expenses, that defendant shall pay plaintiff $871.05 for college expenses overpaid by plaintiff for the 2006-2007 school year, and that defendant's basic child support obligation is reduced to $1,734.01 per month effective August 7, 2006, and as modified the order is affirmed without costs.

Memorandum: Following the entry of a judgment that, inter alia, granted plaintiff a divorce, plaintiff moved to modify the judgment by "[d]istributing the actual and anticipated college

education costs associated with the parties' children," specifically the parties' daughter, between the parties. Defendant cross-moved for an order directing that he pay 60% of the college education expenses of the parties' daughter and reducing his child support obligation accordingly. Defendant appeals from an order requiring him to pay 80% of the daughter's college expenses based on Supreme Court's determination that defendant "shall contribute to college costs 'in accordance with his percentage'" of the parties' combined parental income and denying that part of his cross motion seeking a reduction in his child support obligation. The record establishes that, pursuant to an oral stipulation of the parties that was incorporated but not merged into the judgment of divorce, the parties "agreed to contribute to [their children's college expenses] as they are then financially able." We agree with defendant that the court erred in failing to consider defendant's maintenance obligation in calculating the percentage of defendant's contribution to the daughter's college expenses (*see Nichols v Nichols*, 19 AD3d 775, 778-779 [2005]; *see also Matter of Caputi v Williams*, 286 AD2d 438, 439 [2001]). After subtracting from defendant's income the amount of taxable maintenance paid to plaintiff as indicated on the parties' respective 2005 tax returns, which were used by the court in determining the parties' respective incomes, we conclude that defendant's percentage of the combined parental income is 64% rather than 80%, and thus defendant's pro rata share of the daughter's college expenses must be reduced from 80% to 64% (*see Nichols*, 19 AD3d at 779; *see also Schonour v Johnson*, 27 AD3d 1059, 1060-1061 [2006]). We therefore modify the order accordingly.

Contrary to the further contention of defendant, however, the court properly denied that part of his cross motion seeking a downward modification of his child support obligation. Pursuant to Domestic Relations Law § 236 (B) (9) (b), "the court may annul or modify any prior order or judgment as to . . . child support, upon a showing of . . . a substantial change in circumstance . . . , including financial hardship." Here, defendant failed to establish a sufficient change in circumstance inasmuch as his stipulated income for purposes of the motion and cross motion was not substantially less than his stipulated income at the time the judgment of the divorce was entered. It cannot be said that the decrease in defendant's income resulted in financial hardship (*see generally id.*). Furthermore, it cannot be said that the increase in plaintiff's income or the daughter's attendance at college constituted a substantial change in circumstance (*see generally id.*).

Finally, we reject the contention of defendant that the court

erred in determining that he is entitled to a credit against his child support obligation only in the amount of his pro rata share of the daughter's college meal plan. A credit against child support for college expenses " 'is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries' " (*Burns v Burns*, 233 AD2d 852, 853 [1996], *lv denied* 89 NY2d 810 [1997]; *see Matter of Haessly v Haessly*, 203 AD2d 700, 702 [1994]). Here, because plaintiff must maintain a household for the daughter during the daughter's school breaks and weekend visits, it cannot be said that defendant was entitled to a credit for the daughter's rooming expenses (*see Burns*, 233 AD2d at 853; *see also Matter of Rath v Melens*, 15 AD3d 837 [2005]). Nevertheless, inasmuch as we are reducing defendant's pro rata share of the daughter's college expenses from 80% to 64%, defendant's child support credit based on the college meal plan must reflect that reduction. We therefore further modify the order accordingly. Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.