# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**37**

**CA 11-00596**

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, AND SCONIERS, JJ.

---

DANA JUHASZ, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                  MEMORANDUM AND ORDER

STEPHEN JUHASZ, DEFENDANT-APPELLANT-RESPONDENT.
(APPEAL NO. 2.)

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (SHARI JO REICH OF COUNSEL),
FOR DEFENDANT-APPELLANT-RESPONDENT.

HARRIS BEACH PLLC, BUFFALO (KIMBERLY A. COLAIACOVO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 25, 2011. The order, among other things, denied those parts of plaintiff's motion seeking an order finding defendant in contempt and attorneys' fees and denied defendant's cross motion for a downward modification of child support.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion seeking attorneys' fees in the amount of $1,405 and granting that part of defendant's cross motion seeking permission to pay the property taxes on the marital residence and to deduct 1/12 of that amount from each of his monthly child support payments unless plaintiff, within 60 days of service of a copy of the order of this Court with notice of entry, provides a receipt establishing that all property taxes due on the marital residence have been paid, and as modified the order is affirmed without costs.

Memorandum: On a prior appeal in this divorce action, we modified the amended judgment of divorce by, inter alia, vacating the amount awarded to plaintiff for child support because Supreme Court "failed to articulate any basis for that portion of the award based on the parental income exceeding [the statutory cap of] $80,000" applicable at the time the amended judgment was rendered (*Juhasz v Juhasz*, 59 AD3d 1023, 1025, *lv dismissed* 12 NY3d 848). We remitted the matter to Supreme Court to determine defendant's child support obligation in compliance with the Child Support Standards Act (*id.*). Defendant thereafter moved, inter alia, to terminate plaintiff's exclusive use and occupancy of the marital residence and to decrease the award of child support based on the new statutory cap of $130,000 of combined parental income (*see* Domestic Relations Law § 240 [1-b] [c] [2]; Social Services Law § 111-i [2] [b]). By the order in appeal

No. 1, the court, inter alia, continued plaintiff's exclusive use and occupancy of the marital residence and awarded child support by applying the child support percentage to the entire combined parental income, including the amount exceeding the new statutory cap.

Plaintiff subsequently moved for, inter alia, an order finding defendant in contempt based on his failure to comply with the court's order in appeal No. 1 by failing to pay the full amount of child support for the two months preceding the motion, and she requested attorneys' fees in the amount of $56,662.48. Defendant cross-moved for a reduction in child support based on the fact that, at that time, the eldest of the three children had started college and was no longer living at home. Based on his allegations that plaintiff was not paying property taxes for the marital residence, defendant also requested that he be permitted to pay those taxes and deduct that amount from his child support obligation or, in the alternative, that plaintiff's exclusive use and occupancy of the marital residence be terminated. By the order in appeal No. 2, the court, inter alia, denied that part of the motion seeking an award of attorneys' fees and denied the cross motion.

We reject defendant's contention in appeal No. 1 that, in setting the amount of his child support obligation, the court erred in failing to subtract his maintenance obligation from his income. Where, as here, "there [is] no provision for an adjustment of child support upon the termination of maintenance, . . . there [is] no basis for the court to deduct maintenance from [the] defendant's income in determining the amount of child support" (*Salvato v Salvato*, 89 AD3d 1509, 1509-1510; *see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Jarrell v Jarrell*, 276 AD2d 353, 354, *lv denied* 96 NY2d 710; *Block v Block*, 258 AD2d 324, 326). We reject defendant's further contentions that the court erred in failing to consider plaintiff's income and in awarding child support on income exceeding the $130,000 statutory cap. First, the court properly noted that plaintiff had "no discernible income." Second, the court properly applied the statutory percentage to that portion of the combined parental income exceeding $130,000 and set forth its reasons for doing so, which included defendant's considerable assets and "the standard of living that the children would have enjoyed had the marriage not ended" (*Reed v Reed*, 55 AD3d 1249, 1251; *see Francis v Francis*, 72 AD3d 1594; *see generally* § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653-654). Defendant further contends that the court erred in awarding child support on income exceeding the statutory cap because plaintiff failed to submit an updated financial affidavit. We conclude that defendant failed to preserve that contention for our review inasmuch as he failed to raise it before the order in appeal No. 1 was issued (*see generally Leroy v Leroy*, 298 AD2d 923).

With respect to both appeals, defendant contends that the court abused its discretion in denying his requests to terminate plaintiff's exclusive use and occupancy of the marital residence. We reject that contention. " 'Courts now express a preference for allowing a custodial parent to remain in the marital residence until the youngest child becomes 18 unless such parent can obtain comparable housing at a

lower cost or is financially incapable of maintaining the marital residence, or either spouse is in immediate need of his or her share of the sale proceeds' " (*Stacey v Stacey*, 52 AD3d 1219, 1221; *see Smith v Smith*, 79 AD3d 1643, 1644-1645).  It is undisputed that there is at least one child under the age of 18 residing in the marital residence full time.  Furthermore, plaintiff candidly admitted that she could not obtain comparable housing at a lower cost, and defendant, with his considerable investments, failed to establish a need for his share of the sale proceeds.  Defendant further contends that termination of plaintiff's exclusive use and occupancy of the marital residence is justified because plaintiff failed to pay the property taxes for the marital residence.  Even assuming, arguendo, that plaintiff failed to pay those taxes, we conclude that defendant failed to establish that plaintiff is financially incapable of maintaining the residence.  Plaintiff receives child support in the amount of $4,000 per month, there is no mortgage on the property, and the tax return for plaintiff and her new husband, who also resides in the marital residence, establishes that plaintiff has sufficient income to maintain the property.

     In the cross motion at issue in appeal No. 2, defendant requested that he be permitted to pay the delinquent property taxes and deduct those payments from his child support obligation, but he has not requested such relief in his brief on appeal.  Although we could therefore deem that request abandoned (*see Matter of Tucker v Martin*, 75 AD3d 1087, 1091; *Okvist v Contro*, 21 AD3d 1328; *Ciesinski v Town of Aurora*, 202 AD2d 984), we nevertheless conclude that such relief should be granted under our "inherent plenary power . . . to fashion any remedy necessary for the proper administration of justice" (*People ex rel. Doe v Beaudoin*, 102 AD2d 359, 363; *see* NY Const, art VI, § 7; *Conforti v Goradia*, 234 AD2d 237, 238).  We therefore modify the order in appeal No. 2 by granting that part of defendant's cross motion seeking permission to pay the property taxes on the marital residence and to deduct 1/12 of that amount from each of his monthly child support payments unless plaintiff, within 60 days of service of a copy of the order of this Court with notice of entry, provides a receipt establishing that all property taxes due on the marital residence have been paid.

     We further conclude in appeal No. 2 that the court did not abuse its discretion in denying that part of defendant's cross motion seeking a reduction in child support inasmuch as the two older children are now attending college and no longer living in the marital residence full time.  "A credit against child support for college expenses is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries" (*Pistilli v Pistilli*, 53 AD3d 1138, 1140 [internal quotation marks omitted]; *see Burns v Burns*, 233 AD2d 852, 853, *lv denied* 89 NY2d 810).  Here, plaintiff must still maintain a household for the child living at home and for the older children's school breaks and weekend visits.  Furthermore, because tuition, room and board are paid for by a trust established by defendant's parents, it cannot be said that defendant incurred any costs that are duplicative of basic child

support (*see Matter of Rath v Melens*, 15 AD3d 837; *see also Matter of Haessly v Haessly*, 203 AD2d 700, 702-703; *cf. Wortman v Wortman*, 11 AD3d 604, 607; *Rohrs v Rohrs*, 297 AD2d 317, 318).

Finally, we agree with plaintiff on her cross appeal in appeal No. 2 that the court improvidently exercised its discretion in denying her request for attorneys' fees associated with the motion at issue in that appeal. "The decision to award . . . attorney[s'] fees lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as [that of] the trial court[]" (*O'Brien v O'Brien*, 66 NY2d 576, 590). There is a rebuttable presumption that attorneys' fees shall be awarded to the less monied spouse where a spouse seeks to enforce a prior order, even where the award of such fees is not mandatory (*see* Domestic Relations Law § 237 [b]). The motion of plaintiff at issue in appeal No. 2 was predicated on defendant's failure to pay the full amount of child support and his unilateral decision to deduct college expenses from his child support payments. The court determined that defendant had failed to make those full payments and ordered him to pay the previously deducted amounts. Inasmuch as plaintiff's attorney submitted an invoice establishing fees in the amount of $1,405 with respect to the motion, we further modify the order in appeal No. 2 by granting that part of plaintiff's motion seeking attorneys' fees in that amount. To the extent that plaintiff sought attorneys' fees for work unrelated to the motion, we conclude that the court did not abuse its discretion in denying that relief.

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court