■ In the Matter of Lisa B. Kreiswirth, Appellant, v Ilan Shapiro, Respondent. [962 NYS2d 156]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated May 15, 2012, which denied her objection to so much of an order of the same court (Livrieri, S.M.), dated March 21, 2012, as, in effect, denied that branch of her petition which was, in effect, to direct the father to pay 50% of the health insurance premiums attributable to the subject child.

Ordered that the order dated May 15, 2012, is reversed, on the facts, with costs, the objection is granted, so much of the order dated March 21, 2012, as, in effect, denied that branch of the petition which was, in effect, to direct the father to pay 50% of the health insurance premiums attributable to the subject child is vacated, that branch of the petition is granted, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

In an order dated January 3, 2006, entered on consent, the Family Court, inter alia, directed that the father pay certain child support for the parties' child, that the mother continue to maintain health insurance coverage for the subject child through her employer, and that each party pay 50% of "uncovered health care expenses incurred on behalf of the subject child." In 2007, the parties entered into a separation agreement providing, among other things, that the terms of the order dated January 3, 2006, were to continue. In 2008, the parties' judgment of divorce directed the father to pay for "future reasonable health care" pursuant to the order dated January 3, 2006, and provided that the separation agreement was incorporated but not merged into the judgment. The father paid 50% of the child's health insurance premiums until 2010.

In January 2012, the mother filed the instant petition seeking, among other things, in effect, to direct the father to pay a share of the health insurance premiums attributable to the child. The Support Magistrate, in effect, denied that branch of the petition, and the mother filed an objection to that portion of the order. In the order appealed from, the Family Court denied the mother's objection.

Health insurance premiums are not the equivalent of "unreimbursed health care expenses" pursuant to Family Court

Act § 413 (1) (c) (former [5]), which was in effect when the parties entered into the separation agreement (*see Matter of Banfi v Murphy*, 288 AD2d 311 [2001]; *Matter of Eastburn v Eastburn*, 222 AD2d 898 [1995]). However, the circumstances of this case indicate that the parties intended that health insurance premiums were to be included in the father's obligation to pay 50% of "uncovered health care expenses" (*see Falguni P. v Pinakin P.*, 85 AD3d 635 [2011]). The father acknowledged that he interpreted the agreement as requiring him to pay 50% of health insurance premiums, and made those payments until 2010.

Accordingly, the mother's objection must be granted, that branch of her petition which was, in effect, to direct the father to pay 50% of the health insurance premiums attributable to the subject child must be granted, and the matter must be remitted to the Family Court, Suffolk County, to determine any arrears owed by the father to the mother. Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.