■ ELIZABETH DIMOND, Appellant, v ROBERT DIMOND, Respondent. [963 NYS2d 368]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated March 5, 2012, as granted the defendant's motion, in effect, to compel the plaintiff to cooperate with the defendant's purchase of the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[B]efore some alteration in the marital relationship, courts lack the authority, absent the consent of the parties, to direct the sale of the marital residence owned by the parties as tenants by the entirety" (Adamo v Adamo, 18 AD3d 407, 408 [2005]). However, "[o]nce the parties to a matrimonial action have consented to the sale of real property owned by the parties as tenants by the entirety, that consent cannot be unilaterally withdrawn" (Janke v Janke, 2005 NY Misc LEXIS 3305, *5 [Sup Ct, Nassau County 2005]; see e.g. Moran v Moran, 77 AD3d 443, 444 [2010]). Furthermore, "[a] stipulation of settlement in

a matrimonial action is a contract subject to principles of contract interpretation . . . Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence'' (*Perry v Perry*, 13 AD3d 508, 508-509 [2004]). The terms thereof ''operate as contractual obligations binding on the parties'' (*Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011]).

Here, the parties entered into a so-ordered stipulation which unambiguously provided that the marital residence was to be sold. Nothing in the stipulation expressly precluded either party from buying the marital residence.

The plaintiff's remaining contentions are without merit.

Therefore, the Supreme Court properly granted the defendant's motion, in effect, to compel the plaintiff to cooperate with the defendant's purchase of the marital residence (*see e.g. Markson v Markson*, 139 AD2d 705, 706 [1988]). Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.