■ KARA GORSKI, Respondent, v ERIC HONE, Appellant. [989 NYS2d 384]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Cheng, J.), dated October 2, 2013, which denied his objections to so much of an order of the same court (Buse, S.M.), dated July 1, 2013, as, after a hearing, granted the mother's petition to enforce certain provisions of the parties' separation agreement dated July 27, 2000, which was incorporated but not merged into a judgment of divorce dated September 10, 2001, to the extent of fixing the father's college expense arrears for the parties' daughter at $9,571.55 for the 2012-2013 academic year,

and directing the entry of a money judgment in favor of the mother and against him in the sum of $9,571.55.

Ordered that the order is affirmed, with costs.

The parties were divorced in 2001 and have two children. The parties entered into a separation agreement (hereinafter the agreement) that was incorporated but not merged into their judgment of divorce. The agreement, inter alia, limited the parties' obligation to pay for college to the cost of a SUNY school. The judgment of divorce, in relevant part, stated that the parties "shall contribute to the expenses of the college education of each child in a share proportionate to their respective net taxable income." The agreement also provided that the parties should encourage the use of financial aid, grants, loans, and scholarships to "assist in defraying the immediate cost of the college tuition to the parties."

After the parties' oldest child's first semester at a private university, the father failed to contribute to the tuition, and the mother filed a petition seeking to enforce the judgment of divorce and the agreement's provisions regarding college expenses. During the hearing before the Support Magistrate, the parties stipulated, inter alia, that for 2011, the father's income was $80,000, and the mother's income was $89,400. The parties also stipulated to the following: they were using SUNY Potsdam's yearly tuition of $20,365 as a cap; their eldest child's college expenses for the fall 2012 semester totaled $21,340; the balance of the tuition owed for the fall semester after subtracting scholarships, grants, and loans was $12,117; the tuition for the spring 2013 semester was $20,990; and the balance owed for the spring semester, after subtracting scholarships, grants, and loans, was $11,767. After the hearing, the Support Magistrate fixed the father's college expense arrears at $9,571.55 for the 2012-2013 academic year. The Family Court denied the father's objections to the Support Magistrate's order.

Contrary to the father's contentions, under the circumstances of this case, the Family Court correctly determined that he must contribute the sum of $9,571.55 toward the parties' oldest child's college expenses for the 2012-2013 academic year (see Matter of Yorke v Yorke, 83 AD3d 951, 952 [2011]; Matter of Kent v Kent, 29 AD3d 123 [2006]). Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.