# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**669**
**CA 13-02042**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

CYNTHIA M. TALLO, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

LOUIS J. TALLO, DEFENDANT-APPELLANT.

---

STEPHEN M. LEONARDO, ROCHESTER, MICHAEL STEINBERG, FOR
DEFENDANT-APPELLANT.

OLVER KORTS LLP, PITTSFORD (SALLY A. SMITH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered April 25, 2013. The order, inter alia, directed defendant to pay plaintiff the sum of $116,667 as a distributive award.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant husband appeals from an order that, inter alia, directed him to make a $116,667 distributive payment to plaintiff wife pursuant to the parties' separation agreement, which was incorporated by reference into their judgment of divorce. Article V of the separation agreement required defendant to make monthly maintenance payments, commencing November 1, 2008 and continuing for a period of five years. Article V also listed five conditions or events that would terminate defendant's maintenance obligation. Article VI of the separation agreement required defendant to make an annual distributive payment from his 401(k) plan to plaintiff on the first business day of each calendar year from 2009 through 2012, provided for a final payment of $116,667 on January 2, 2013, and further provided that those "sums shall be deemed to be a distributive award." Article VI further provided that, "[d]uring such period(s) of time that said sums are transferred to [plaintiff], [defendant] shall not have the obligation to pay maintenance to [plaintiff] pursuant to Article V." Unlike Article V, Article VI contained no conditions or events that would relieve defendant of his obligation to make those distributive payments.

After defendant refused to make the final distributive payment, plaintiff moved by order to show cause for an order compelling defendant to make the final Article VI payment. We reject defendant's contention that Supreme Court erred in ordering him to make that payment. "A matrimonial settlement is a contract subject to principles of contract

interpretation . . . [, and] a court should interpret the contract in accordance with its plain and ordinary meaning" (*Herzfeld v Herzfeld*, 50 AD3d 851, 851 [internal quotation marks omitted]; *see generally Kamens v Utica Mut. Ins. Co.*, 6 AD3d 1237, 1239, *affd* 4 NY3d 460).  "The interpretation of an unambiguous contractual provision is 'a function for the court' " (*Pyramid Brokerage Co. of Buffalo, Inc. v Atlas Auto Glass, Inc.*, 39 AD3d 1176, 1177, quoting *Teitelbaum Holdings v Gold*, 48 NY2d 51, 56).  "[T]he proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation" (*Nancy Rose Stormer, P.C. v County of Oneida*, 66 AD3d 1449, 1450 [internal quotation marks omitted]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 573).  "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32, *rearg denied* 98 NY2d 693 [internal quotation marks omitted]; *see Pyramid Brokerage Co. of Buffalo, Inc.*, 39 AD3d at 1177).  Article VI of the separation agreement expressly and unambiguously required defendant to transfer $116,667 from his 401(k) to plaintiff on January 2, 2013. The language of the agreement did not indicate that the payment was optional or terminable upon certain events.  Although defendant urges us to apply the termination conditions or events contained in Article V to the payments required by Article VI, we decline to do so on the ground that we "may not by construction add . . . terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475; *see Camperlino v Bargabos*, 96 AD3d 1582, 1583).