# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1002**
**CAF 15-00372**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ROSANNE DELSIGNORE,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANK A. DELSIGNORE, JR., RESPONDENT-APPELLANT.

---

DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT.

LAW OFFICE OF CHARLES A. MESSINA, BLASDELL (CHARLES A. MESSINA OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered May 19, 2014. The order denied the objections of respondent to an order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this postjudgment divorce proceeding seeking an increase in the child support paid by respondent. Respondent appeals from an order that denied his objections to the Support Magistrate's order, which directed that his support payments be increased. Contrary to respondent's contention, Family Court did not err in denying his objection to that part of the Support Magistrate's order refusing to apply his payments for his daughter's college expenses as a credit against his child support obligation. " 'A credit against child support for college expenses is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries' " (*Juhasz v Juhasz* [appeal No. 2], 92 AD3d 1209, 1212). In addition, however, "such a credit covers only those expenses associated with the child's room and board, rather than college tuition" (*Ayers v Ayers*, 92 AD3d 623, 625; *see Azizo v Azizo*, 51 AD3d 438, 439-440). Here, the child received certain grants and awards that paid for some of her expenses, and the Support Magistrate properly concluded that the college bills did not establish what part, if any, of those grants and awards was applied to room and board. Consequently, respondent failed to establish that the payments were duplicative of his child support obligation (*see generally Matter of Levy v Levy*, 52 AD3d 717, 718). The Support Magistrate also properly concluded that petitioner was required to maintain a residence for the parties' other child throughout the year, and for the college student during school breaks

(*see Juhasz*, 92 AD3d at 1212).  Inasmuch "[a]s the Support Magistrate's findings were based on credibility determinations and supported by the record, they should not be disturbed" (*Matter of Gansky v Gansky*, 103 AD3d 894, 895).

Contrary to respondent's further contention, the court did not abuse its discretion in denying his objections to that part of the Support Magistrate's order that calculated petitioner's income.  In determining the amount of child support that a parent must pay, a support magistrate "is required to begin the calculation with the parent's 'gross (total) income as should have been or should be reported in the most recent federal income tax return' " (*Matter of Moran v Grillo*, 44 AD3d 859, 860; *see Marlinski v Marlinski*, 111 AD3d 1268, 1270).  Although a support magistrate is "also permitted . . . to consider current income figures for the tax year not yet completed" (*Moran*, 44 AD3d at 860), he or she is not required to do so, and here the Support Magistrate properly used the prior year's income tax figures to calculate both parties' incomes.  Respondent's further contention that the Support Magistrate should have imputed additional income to petitioner based on her ability to work is similarly without merit.  There is no evidence that petitioner reduced her resources or income in order to reduce or avoid her obligation to support the children (*see* Family Ct Act § 413 [1] [b] [5] [v]; *Lattuca v Lattuca*, 129 AD3d 1683, 1684).  Indeed, as the Support Magistrate properly noted, petitioner's income had in fact increased during the time prior to the filing of the petition.  We therefore conclude that "the Support Magistrate did not improvidently exercise her discretion in declining to impute additional income to" petitioner (*Matter of Saladino v Saladino*, 115 AD3d 867, 868).

Finally, the court properly denied respondent's objection to that part of the Support Magistrate's order refusing to characterize the health insurance premiums that he paid on behalf of the subject children as an unreimbursed health care expense that should be divided between the parties.  "Health insurance premiums are not the equivalent of 'unreimbursed health care expenses' pursuant to Family Court Act § 413 (1) (c) (former [5]), which was in effect when the [judgment of divorce was entered]" (*Matter of Kreiswirth v Shapiro*, 103 AD3d 725, 725-726).  Furthermore, as part of the parties' stipulation underlying that judgment, respondent expressly agreed to pay the children's health care premiums in addition to his pro rata share of the unreimbursed medical expenses.  We note in any event that the Support Magistrate took respondent's payment of those health care premiums into account in deciding to apply the statutory cap on the parties' income in calculating respondent's child support obligation.

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court