# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**231**

**CA 15-00172**

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

WENDY D. SEARS, PLAINTIFF-APPELLANT,

V                                MEMORANDUM AND ORDER

STEPHEN J. SEARS, DEFENDANT-RESPONDENT.

---

DAVIDSON FINK, LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SCHELL LAW, P.C., FAIRPORT (GEORGE A. SCHELL, SR., OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John M. Owens, J.), entered December 31, 2014. The order, insofar as appealed from, granted defendant's petition in part by directing plaintiff to sign certain letters and to execute and deliver a quitclaim deed transferring certain real property jointly owned by the parties to defendant.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and the petition is denied insofar as it was granted.

Memorandum: In this postdivorce proceeding, plaintiff wife appeals from an order that granted defendant husband's petition insofar as it sought an order directing the wife to sign certain letters and to execute and deliver to the husband's attorney a certain quitclaim deed, all with the objective of facilitating the husband's refinancing of an existing M&T Bank mortgage in relation to 222.5 acres of a 227-acre property jointly owned by the parties and covered by that mortgage. We now reverse the order insofar as appealed from, and we deny the husband's petition to the extent that the court granted it.

"A matrimonial settlement is a contract subject to principles of contract interpretation" (*Tallo v Tallo*, 120 AD3d 945, 946 [internal quotation marks omitted]), and "[t]he fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569). "The best evidence of what parties to a written agreement intend is what they say in their writing" (*Slamow v Del Col*, 79 NY2d 1016, 1018). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield*, 98 NY2d at 569; *see Hall v Paez*, 77

AD3d 620, 621).  "When interpreting a contract . . . , the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Trbovich v Trbovich*, 122 AD3d 1381, 1383 [internal quotation marks omitted]; *see Kass v Kass*, 91 NY2d 554, 566-567).  Furthermore, "[i]n adjudicating the rights of parties to a contract, courts may not fashion a new contract under the guise of contract construction (*Marlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16)" (*Slatt v Slatt*, 64 NY2d 966, 967, *rearg denied* 65 NY2d 785).

We agree with the wife's contention that the court, under the guise of construing and enforcing the parties' Separation and Property Settlement Agreement (Agreement) in favor of the husband, rewrote the Agreement in such a way as to relieve the husband of his explicit contractual obligations and to defeat the wife's explicit rights thereunder.  Indeed, the court's order is irreconcilable with various provisions of the Agreement, which requires that the wife's quitclaim deed of her interest in the 227 acres be held in escrow by the wife's attorney pending any refinancing, and which further requires that the M&T mortgage be discharged of record, or that the wife's name be removed from that mortgage as co-obligor, as part of the refinancing and before the recording of the wife's quitclaim deed.  Most important, the court's interpretation of the Agreement permits the husband to forestall indefinitely the listing of the property for sale in whole or in part, which is in derogation of a provision of the Agreement requiring the property to be listed for sale in its entirety soon after December 31, 2013 if, as has transpired, the husband proved unable to refinance the M&T mortgage by that date.

Although the court purported to enforce the Agreement against the wife, we note that the wife undeniably carried out her pertinent contractual obligation, which was merely to execute a quitclaim deed of her interest in the property to the husband and cause that deed to be held in escrow by her attorney pending the closing of any refinancing of the existing mortgage in the husband's name only.  Although the husband argues that the wife's stance in the matter violated the covenant of good faith and fair dealing that is implied in any contract entered into in New York (*see generally Dalton v Educational Testing Serv.*, 87 NY2d 384, 389, citing *Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.*, 30 NY2d 34, 45, *cert denied* 409 US 875), the wife cannot be found to have violated the implied covenant of good faith and fair dealing by doing exactly what the Agreement required her to do (*see Dalton*, 87 NY2d at 389).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court