Matter of Wheeler v Wheeler (2019 NY Slip Op 05919)





Matter of Wheeler v Wheeler


2019 NY Slip Op 05919


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


609 CAF 19-00262

[*1]IN THE MATTER OF SHELLI A. WHEELER, PETITIONER-APPELLANT-RESPONDENT,
v
MICHAEL S. WHEELER, RESPONDENT-RESPONDENT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT-RESPONDENT.
VAHEY GETZ LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered July 24, 2018 in a proceeding pursuant to Family Court Act article 4. The order granted in part and denied in part the objections of respondent to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of respondent's third objection contained in the fourth and fifth bullet points, and reinstating the order of disposition of the Support Magistrate entered August 23, 2016 and as modified the order is affirmed without costs.
Memorandum: On a prior appeal in this proceeding pursuant to Family Court Act article 4, we concluded that Family Court erred in sustaining the second bullet point of respondent father's third objection to an order of the Support Magistrate wherein the father asserted that his obligation to contribute to his daughter's college expenses was not triggered because petitioner mother violated the parties' separation agreement by failing to consult with him regarding the college selection process (Matter of Wheeler v Wheeler, 162 AD3d 1517, 1518 [4th Dept 2018]). We therefore modified the court's order by denying that part of the father's third objection contained in the second bullet point, reinstating the mother's violation petition, and reinstating the Support Magistrate's order insofar as it determined that the father violated his obligation to contribute to the daughter's college expenses, and we remitted the matter to Family Court for consideration of the parties' objections to the calculation and amount of those expenses, which the court had not considered (id. at 1519). On remittal, the court, inter alia, granted in part father's objections to the Support Magistrate's order by reducing the amount of his contribution to the daughter's college expenses. The mother appeals and the father cross-appeals, each contending that the court erred in calculating the father's contribution obligation.
Contrary to the father's contention on his cross appeal, we conclude that the separation agreement does not provide that the agreed-upon "SUNY cap" should be calculated by reducing the amount of such cap by the daughter's financial aid, grants, loans, and scholarships. "It is well established that a separation agreement that is incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and interpretation' " (Anderson v Anderson, 120 AD3d 1559, 1560 [4th Dept 2014], lv denied 24 NY3d 913 [2015], quoting Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990], rearg denied 76 NY2d 889 [1990]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent . . . [, and] [t]he best evidence of what the parties . . . intend is what they say in their writing" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [internal quotation marks omitted]; see Colella v Colella, 129 AD3d 1650, 1651 [4th Dept 2015]). "Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument and not from extrinsic evidence . . . , and [*2]the agreement in that instance must be enforced according to the plain meaning of its terms" (Roche v Lorenzo-Roche, 149 AD3d 1513, 1513-1514 [4th Dept 2017] [internal quotation marks omitted]; see Greenfield, 98 NY2d at 569; Meccico, 76 NY2d at 824). "When interpreting a contract . . . , the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Sears v Sears, 138 AD3d 1401, 1401 [4th Dept 2016] [internal quotation marks omitted]).
Here, the agreement provides in relevant part that the parties anticipated that their children would pursue college education and that they would "determine how to share such expenses at that time, based upon their facts and circumstances," but that neither party would be "obligated to contribute to expenses exceeding the cost of SUNY Geneseo." The agreement defines college "expenses" to which the parties would be obligated to contribute as including four years of tuition, fees, including those for standardized tests and applications, room and board, laboratory supplies, a computer, and travel between home and school, as well as "financial aid, grants, loans, and scholarships" (collectively, financial aid). Giving fair meaning to the language in the agreement "to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Sears, 138 AD3d at 1401 [internal quotation marks omitted]), we conclude that the parties are obligated to contribute—on a pro rata basis as determined by the Support Magistrate (see Matter of Dillon v Dillon, 155 AD3d 1271, 1273 [3d Dept 2017])—to the daughter's net college expenses, i.e., the defined out-of-pocket expenses less financial aid, unless that amount exceeds the cost of SUNY Geneseo, in which case the parties' pro rata contributions would be calculated from the amount of the cap (see Gorski v Hone, 119 AD3d 863, 864 [2d Dept 2014]; Matter of Rashidi v Rashidi, 102 AD3d 972, 973 [2d Dept 2013]). Contrary to the father's contention, there is nothing in the language of the separation agreement indicating that the parties intended that the "cost of SUNY Geneseo" would be calculated by first subtracting the amount of financial aid that the daughter received at the private university she was attending from the costs that would be incurred by a student attending SUNY Geneseo (see generally Dillon, 155 AD3d at 1273). If the parties had intended the cap to be calculated in such a manner, language to that effect could have been included in the agreement, but it was not. In addition, the father's interpretation would render the parental contribution obligation illusory inasmuch as the amount of financial aid that the daughter received at the private university exceeds "the cost of SUNY Geneseo" established at the hearing before the Support Magistrate (see Springer v Springer, 125 AD3d 842, 843 [2d Dept 2015]). Although the father proposed a method to resolve that absurd result in which the cap would be calculated by reducing "the cost of SUNY Geneseo" by the same percentage that the cost of the private university was reduced by financial aid, the agreement sets forth no such calculation and we "may not by construction add . . . terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Tallo v Tallo, 120 AD3d 945, 946 [4th Dept 2014] [internal quotation marks omitted]; see Sears, 138 AD3d at 1402).
Based on our review of the record, including the evidence adduced at the hearing regarding expenses and financial aid, we agree with the mother on her appeal that the court erred in granting in part the father's objections by reducing the amount of his contribution inasmuch as the Support Magistrate properly concluded that the daughter's net college expenses were less than "the cost of SUNY Geneseo" and properly calculated the amount of the father's contribution obligation (see generally Gorski, 119 AD3d at 864). We therefore modify the order accordingly.
Finally, although we agree with the father that the court erred in determining that he failed to preserve his further contention that he is entitled to a credit against his child support obligation for his contribution to the daughter's room and board expenses while she is away at college (see Family Ct Act § 439 [e]), we nonetheless conclude that his contention lacks merit. "A credit against child support for college expenses is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries" (Matter of DelSignore v DelSignore, 133 AD3d 1207, 1208 [4th Dept 2015] [internal quotation marks omitted]). Here, it cannot be said that the father was entitled to a credit for the daughter's room and board expenses inasmuch as the record establishes that the mother must maintain a household for the daughter during school breaks (see DelSignore, 133 AD3d at 1208; Pistilli v Pistilli, 53 AD3d 1138, 1140 [4th Dept 2008]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court